Argued March 15, reversed and dismissed March 28, 1916.

## HAGUE *v.* HAGUE.

(156 Pac. 277.)

**Divorce—Decree—Default—Setting Aside.**

1.   Where plaintiff in a suit for divorce could by an honest effort have ascertained defendant's residence, so that the copies of the summons and complaint might have been properly addressed but he failed to make such effort, and the copies mailed were returned to his attorney, there was no error in setting aside a default decree and permitting defendant to file an answer.

**Divorce—Evidence—Weight and Sufficiency.**

2.   In a suit for divorce, evidence held to show that plaintiff voluntarily abandoned defendant and their children when they were destitute and he was able to aid them, but neglected to do so, except in the matter of partial education of some of the children, and occasionally donating small sums of money, and hence is not entitled to a divorce.

[As to desertion as ground for divorce, see notes in 119 **Am. St. Rep.** 618; 18 **Am. St. Rep.** 147.]

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 1.   Statement by MR. CHIEF JUSTICE MOORE.

This suit was commenced June 21, 1911, in the Circuit Court for Clackamas County, Oregon, by Thomas O. Hague against Anna E. Hague for a divorce.   The affidavit of the plaintiff, for the service of the summons, omitting the subscription, verification and filing, reads:

"State of Oregon,
    County of ——, ss.:

"I, T. O. Hague, being duly sworn, say: That I am the plaintiff in the above-entitled suit; that the complaint in said action was filed with the clerk of said court on the —— day of May, 1911, and summons thereupon issued. That a cause of suit exists in my favor against the defendant above named, the grounds of which are as follows: That the defendant, Anna E. Hague, willfully and without cause deserted and abandoned the plaintiff in the State of New York on the 13th day of August, 1893, and has refused to live with the plaintiff ever since. That the plaintiff has been a resident of the State of Oregon for the period of five years immediately preceding the commencement of this suit. That said defendant is a necessary and proper party defendant in said suit. That said summons issued as aforesaid was delivered to the sheriff of Clackamas County, with directions to said sheriff to serve the same upon the defendant, Anna E. Hague, and said sheriff has returned said summons to the clerk of this court, with his return thereon indorsed to the effect that said defendant could not be found in his county. That said defendant cannot after due diligence be found within this state, although diligent inquiry and search for the purpose of finding her have been made as follows: By inquiring of her former neighbors and acquaintances and of —— ——. That the defendant was last living in the city of New York, in the State of New York, and is believed to be still living there. That the present place of residence of said defendant is New York City, N. Y. That this affiant therefore says that personal service of said summons cannot be made on said defendant, Anna E. Hague, and prays for an order that service of the same may be made by publication thereof in the 'Oregon City Enterprise,' a journal of general circulation published at Oregon City, Oregon."

Founded upon that affidavit an order was made by the county judge of that county directing a publication

in the "Oregon City Enterprise" of the summons, and that a copy thereof and of the complaint be forthwith mailed to the defendant at her place of residence. Proof of the printing was made by the affidavit of the printer of that newspaper, showing a publication of the summons once a week for seven consecutive weeks prior to August 7, 1911. The deposit of copies of the summons and complaint in the postoffice was made by the plaintiff's attorney, who did not file any affidavit showing a compliance with the order of the county judge. There was filed in the Circuit Court on August 7, 1911, an envelope, postmarked "Portland, Ore., June 26, 1911, 12:30 p. m.," addressed to "Anna E. Hague, New York City, N. Y.," also having on the face of the wrapper, "After 5 days return to" plaintiff's attorney, giving his name and the location of his office in Portland, Oregon, and having duly canceled stamps of the value of four cents. The envelope also has stamped on it the words, "Searcher No. 11," beneath which appears the written command, "Try 108 E. 40." There is also written on the envelope: "Cannot be tried. House closed. J. E. C." The envelope, when opened in this court, evidently for the first time after it was sealed, was found to contain copies of the summons and complaint, duly certified to by the plaintiff's counsel. Bottomed on that proof the cause was tried, and, as the defendant neither appeared nor answered, the state was represented by the district attorney. Testimony was received, and upon a consideration thereof a decree of divorce was granted the plaintiff August 7, 1911. The defendant's counsel on October 1, 1914, moved to expunge the "pretended decree" on the ground that it was fraudulently procured, and that Mrs. Hague had only just prior to the application learned that the decree had been given. This motion

was sustained, and an answer was permitted to be filed, denying the charge of the complaint, and alleging other facts, some of which are admitted, and others denied, in the reply. The cause was tried, and the plaintiff secured a decree of divorce, from which the defendant appeals.                    REVERSED AND DISMISSED.

For appellant there was a brief and an oral argument by *Mr. Robert C. Wright.*

For respondent there was a brief over the names of *Mr. Lida O'Bryon* and *Mr. M. J. MacMahon,* with an oral argument by *Mr. O'Bryon.*

Opinion by MR. CHIEF JUSTICE MOORE.

The evidence shows that the parties were married in Queens (now Nassau) County, New York, November 19, 1868, and nine children were born of that union. The pleadings admit and the evidence shows that on December 29, 1906, the plaintiff commenced a suit for divorce in Klamath County, Oregon. The defendant then was, and ever since has been, a resident of New York, and the summons was served by publication. She filed an answer in that suit, and made application for an allowance of suit money. The court ordered him to pay $125, but upon his refusal to comply therewith the suit was dismissed without prejudice. The plaintiff on July 30, 1907, commenced another suit for a divorce in Multnomah County, in this state, and the defendant again appeared by counsel and asked for suit money. The court required him to pay $75 for the purpose, but he refused to obey the order, whereupon the suit was dismissed, and a judgment rendered against him for the costs, which he has not paid.

About four years thereafter he commenced this suit, which ultimately resulted in a decree in his favor.

1. Section 831, L. O. L., provides: "An affidavit may be used to prove the service of a summons." The returned envelope, with its inclosures, furnished indubitable evidence that duly certified copies of the summons and complaint had been sent by mail, with the requisite postage prepaid, addressed to the defendant at New York City, without giving any street or number, and that a postal agent had unsuccessfully tried to locate her residence so as to deliver the message. Whether or not the failure of plaintiff's counsel to make and file an affidavit showing he mailed the envelope rendered the proof of the service of the summons invalid will not be considered, though the motion to expunge the decree was a direct attack. An examination of the depositions of the defendant and most of her children induces the belief that if the plaintiff had made an honest effort, he could have ascertained his wife's residence so that the envelope might have been properly addressed. It is fair to infer that, since his previous efforts to secure a divorce had been rendered futile by her applications for an allowance of suit money, he evidently thought he could succeed by neglecting to make the proper inquiries of her relatives and neighbors in New York as to her then residence. The plaintiff's affidavit for the service of the summons by publication does not name any person of whom he made inquiry as to his wife's residence. The plaintiff's failure to make the necessary inquiries on this subject shows that no error was committed in setting aside the decree and permitting the defendant to file an answer.

2. Considering the case on its merits, the plaintiff substantially testified that he purchased for the defend-

ant on Long Island, New York, a home of the value of $5,000 and suitably furnished the dwelling; that for about five years previous to August 13, 1893, she had ceased to love him, and on that day notified him his room was better than his company, whereupon he immediately left the house, and thereafter had been compelled to remain away against his consent. He further testified that he was engaged in the Oriental rug business, and that the defendant took his rugs, valued at $1,000, and sold them to a competitor for $62.50; that the witness left in the barn at their home store fixtures of the value of $1,000, which personal chattels she caused to be cut up for fuel; that his refusal to pay any suit money was due to the fact that he was without means, while the defendant had received from the estate of her deceased mother property of the value of many thousand dollars.

The depositions referred to state that, though the plaintiff moved to a hotel in Brooklyn, New York, about the time stated in the complaint, he frequently returned to their home until about the year 1896, when he took his books, etc., left, and never came back; that he gave the defendant the home mentioned, which dwelling she was obliged to mortgage to raise for him $3,000; that, being unable to pay the interest on that sum of money, she was compelled to sell the real property for $3,500, and after discharging the indebtedness there remained a little more than $100, the greater part of which she gave him; that after the sale of their home the defendant rented the house for a small sum, and she and her children occupied the premises for a short term; that while she was thus a tenant the plaintiff visited her, took all his personal goods, and left her and their children in destitute circumstances, while he apparently had abundant means and roomed at a fashion-

able hotel; that the defendant and several of her children had been quite ill, and one of the daughters by an accident became a cripple, all of which facts the plaintiff well knew, but he made no contribution to their relief, though he aided, in a small way, some of the children in procuring an education; that the defendant was compelled after the plaintiff abandoned her, to rely upon her mother for support; that the defendant received by her mother's will real property, in trust for her children, but she was given the income thereof, amounting to $200 annually, out of which she was compelled to pay about $20 a year taxes; and that she was obliged to rely upon her children for the remainder of her support.

The depositions of the defendant and her children, taken pursuant to a commission and upon written interrogatories, were filed in the court below before this cause was tried, and there was no opportunity to controvert the plaintiff's testimony in respect to the sale of his rugs to a competitor or the destruction of the store fixtures. A careful examination of the entire testimony convinces us that, instead of the defendant deserting the plaintiff and refusing to live with him, he voluntarily abandoned her and the children, when they were destitute and he was able to aid them, but neglected to do so, except in the matter of the partial education of some of the children, and occasionally donating to them small sums of money. The plaintiff is not entitled to a divorce.

The decree is therefore reversed and the suit dismissed.       Reversed.    Suit Dismissed.

Mr. Justice Bean, Mr. Justice Harris and Mr. Justice McBride concur.