ERRALD C. GREEN v. VIOLET H. GREEN.[1]

December 8, 1922.

No. 23,011.

Decree of divorce vacated for want of personal service of summons.

1. Service of a summons in a divorce case must be made personally except on a showing that personal service cannot well be made. In this, a divorce case, plaintiff knew that defendant resided in Great Falls, Montana, knew friends with whom she corresponded, but made no attempt to find her for the purpose of securing service of the summons upon her. After the publication and before the trial, defendant lived in this state, and in the same city as plaintiff for more than a year and plaintiff saw her frequently, but no service of the summons was made upon her here. The service of the summons was irregular and judgment rendered upon such service should have been set aside on motion.

Decree vacated for fraud on court.

2. The court found that the decree was obtained upon evidence which was so misleading as to constitute fraud. There is evidence to sustain this finding, and this fact warranted the court in vacating the judgment and permitting defendant to answer.

Service of proposed answer or affidavit of merits dispensed with.

3. The affidavits of defendant showed a good defense. Service of a proposed answer or affidavit of merits was not indispensable.

Defendant obtained from the district court for Hennepin county an order requiring plaintiff to show cause why defendant's motion that the decree of divorce in this action should not be vacated and defendant granted leave to file an answer. The motion was heard and granted by Waite, J. From the order vacating the decree, plaintiff appealed. Affirmed.

L. W. Crawhall, for appellant.
Loren Risk, for respondent.

[1]Reported in 190 N. W. 989.

HALLAM, J.

Plaintiff and defendant were married in 1912. In February, 1919, defendant left the family home and went to Great Falls, Montana. In April, 1919, plaintiff commenced this action for divorce, and, on an affidavit stating that he was unable to obtain any information leading to the whereabouts of defendant, secured an order for publication of the summons. In August, 1919, plaintiff's attorney made and filed an affidavit of no answer. There the matter rested for nearly two years. In the meantime, defendant returned to Minneapolis in November, 1919, and lived there continuously until February, 1921, when she again left the state. On the nineteenth day of June, 1921, on testimony given by plaintiff and other witnesses, a decree of divorce was obtained. In his testimony on the trial, plaintiff testified that when defendant left in February, 1919, she went to Great Falls, Montana, and stayed there about 6 months down to the fall of 1919; that he heard this through friends to whom she had written. When asked if he made any attempt to find her for the purpose of securing service of the summons upon her, he answered: "No, I did not." After her return to Minneapolis in the fall of 1919 and during her residence there for approximately 15 months, he testified that he "saw her right along, occasionally would pass her on the street," and further that he "seen her occasionally, and seen her to talk with her." Her father and mother lived in Minneapolis and that fact he well knew. No summons was ever served upon the defendant personally, either in Minnesota or elsewhere.

In February, 1922, defendant made application to the court for an order vacating the decree of divorce and permitting her to interpose an answer. Her affidavit, corroborated by others submitted on her behalf, is to the effect that during the time she was in Minneapolis from the fall of 1919 to February, 1921, she met plaintiff frequently and at different times lived and cohabited with him as his wife, and that he fully condoned the misconduct charged in the complaint, which is only thinly veiled in her affidavits. The application to vacate the decree came before the same trial judge who heard the divorce action and granted the decree of divorce, and the

application to vacate the decree was granted. The affidavits on both sides, and a transcript of the testimony taken on the divorce trial, are all submitted to us.

On the records submitted we are of the opinion that the order vacating the decree was justified on either of two grounds:

1. First, there was no such service of the summons as the statute requires. Section 7116, G. S. 1913, provides that copies of the summons and complaint shall be served on the defendant personally, and clearly requires such service whether the defendant is in the state or not, at least if within the United States. Service by publication is authorized if personal service cannot well be made. In this case it is apparent from the admissions of the plaintiff himself that at no time did the facts warrant service by publication. In other words, that never at any time could it be said that personal service could not well be made. At the time of the publication it was known to plaintiff that defendant was in Great Falls, and he, on his own admission, made no effort to locate her, and then for about 15 months and up to a time shortly prior to the trial, she was living in Minneapolis, and service might easily have been obtained. Perhaps the court acquired jurisdiction, but if so the jurisdiction was obtained upon an affidavit not true in fact, and it was clearly irregular to enter a judgment of divorce on the record made. Defendant does not make much of this contention, but likely the court was influenced by these facts, at least they justify the action which he took.

2. Second, the contention most relied upon is that the action for divorce was abandoned, and the charges made in the complaint condoned and defendant given to understand that the divorce case was dismissed, and that it was fraud to proceed with the case and procure a decree under such circumstances. Defendant's testimony is very explicit that plaintiff told her, after her return to Minneapolis that he had started an action for divorce, but that he had dismissed the case. The conduct detailed in defendant's affidavits clearly constitutes a condonation of the conduct charged in the complaint. The affidavits of defendant are corroborated by several witnesses. They are flatly contradicted by plaintiff and several

witnesses. The determination of the trial court was, that the decree was obtained upon evidence which was so misleading as to constitute fraud. It was peculiarly his province to determine the facts and we accept his finding and sustain his order.

3. Plaintiff complains that the moving papers do not include a proposed answer or an affidavit of merits. The submission of a proposed answer and a formal affidavit of merits would have been better practice. There is probably no sufficient showing of a defense to the original action at the time it was brought, but the affidavits abundantly show a condonation which would constitute a good defense at the time the case was tried, and, in view of this fact, the service of a proposed answer and affidavit of merits may be dispensed with. McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338; Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 176 N. W. 153.

Order affirmed.