LOUIS UNOWSKY v. NATHAN SHOW AND ANOTHER.[1]

January 23, 1925.

No. 24,381.

**Default judgment opened.**
1. The court properly vacated a default judgment and permitted the defendants to answer.

**Court rule requiring affidavit of merits properly waived when record shows merit.**
2. The statute does not require an affidavit of merits as a condition to such relief. The rule of court making such requirement is properly waived when the record shows merits.

Action in the municipal court of St. Paul. Judgment was entered by default. From an order, Olson, J., setting aside the judgment and permitting defendants to answer, plaintiff appealed. Affirmed.

*A. J. Hertz*, for appellant.
*Gustavus Loevinger*, for respondents.

DIBELL, J.
Judgment was entered against the defendants by default. On their motion it was vacated with leave to answer. The plaintiff appeals.

[1]Reported in 201 N. W. 936.

1. Upon the service of the summons the defendants engaged counsel. He prepared answers. Through inadvertence they were placed in his office files and were not served. Promptly upon notice of the entry of judgment this motion was made. There was no substantial prejudice to the plaintiff. The trial court exercised its discretion wisely, if it was properly invoked, in vacating the judgment and permitting a defense. Rodgers v. U. S. & D. Ins. Co. 127 Minn. 435, 149 N. W. 671, and cases cited.

2. But it is said that there was no affidavit of merits. The statute requires none. G. S. 1923, § 9283; G. S. 1913, § 7786. The court rule making such requirement may be waived if merits appear from the record as they do here. Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 176 N. W. 153; Dunnell, Minn. Dig. § 5020.

Order affirmed.