KATHERINE D. RUSSELL and D. C. COLEMAN as administrator *ad litem* of the estate of Aurelius Russell, deceased, v. MARY BAUER RUSSELL.

177 So. 280.
Division A.
Opinion Filed November 6, 1937.
Rehearing Denied December 8, 1937.

*Frank L. Butts,* for Appellants;

*Shutts & Bowen* and *L. S. Bonsteel,* for Appellee.

BUFORD, J.—The appeal brings for review final decree in material part as follows:

"ORDERED, ADJUDGED AND DECREED as follows:

"1. That the Court has jurisdiction herein.

"2. That the equities of the cause are with the plaintiff, and that she has established the material allegations of her bill.

"3. That the decree of divorce heretofore entered in that certain cause in which Aurelius Russell was plaintiff and Mary Bauer Russell was defendant, pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, being Chancery Cause No. 28271-A, is impeached for fraud, and the said decree heretofore entered and recorded on the 26th day of October, 1929, in

Chancery Order Book 178 at page 354, is hereby vacated and set aside."

The decree was entered on March 14, 1935. The bill of complaint which was a bill in the nature of a bill of review was filed on February 13, 1931, alleging that the decree of divorce theretofore entered was obtained by fraud in that as it was alleged the complainant in the divorce suit had procured pretended service of process on the defendant in that suit, the complainant in this suit, by publication, and that in procuring the publication of notice and its pretended service the complainant had knowingly and willfully made a false and deceitful allegation as to the place of residence of defendant, alleging in his application for process by constructive service that the defendant's address was at 61 Ave A. Rochester, New York, when the said complainant then and there well knew that the defendant's address at that time was at 206 Morton St., Rochester, New York, and that he knew that notice of the divorce suit would not reach defendant at 61 Ave A, and that she would not receive such notice at that address, but knew that she would receive the notice had it been addressed c/o Mrs. John Killeen, 206 Morton St., Rochester, New York.

The record shows that as heretofore stated this suit was filed on the 13th day of February, 1931, and was pending when the defendant died, August 11, 1931. The cause was revived by order under date of February 6, 1933, and the bill was amended on the same date. Answer putting the cause at issue was filed June 15, 1933. It appears that testimony was taken by depositions without commission or order of court, commencing August 10, 1933, which depositions were not returned and filed with the Clerk until

April 2nd, 1934, and on April 12th, 1934, the defendant moved to dismiss the bill.

It appears that these depositions were taken under the provisions of Section 47 of the 1931 Chancery Act at the instance of, and pursuant to, notice by attorneys for the appellee.

The motion to dismiss was upon the grounds, (1) for failure to dispose of the case within three years from date of filing of the bill of complaint; (2) for failure to take testimony within three months from time the cause became at issue under Chancery Rule 71 and Section 46 of the 1931 Chancery Act.

Old Equity Rule 1 provided in part:

"Any cause not disposed of within three years from the filing of the bill shall be dismissed by the court at the cost of the plaintiff, unless otherwise directed for cause shown. Upon application and notice within a reasonable time, not exceeding one year, the cause may be reinstated upon the docket, in the discretion of the court."

Whether this Rule was superseded by the Chancery Practice Act of 1931 is not material as the Rule at most was not mandatory, but authorized the exercise of sound judicial discretion. Successive steps had been taken in the cause between the date of the institution of the suit, February 13th, 1931, and the date of the motion to dismiss, April 12th, 1934, one of which was the order reviving the suit which was entered February 6th, 1933, after the death of the original defendant on August 11th, 1931. The order reviving the suit gave it new life and constituted a "reasonable" cause for the Chancellor to refuse to dismiss.

The case was not at issue until the filing of the answer on June 15, 1933.

The record shows that the taking of testimony began on

August 10, 1933, and appears to have continued from time to time until and including November 11, 1933.

. We hold that this question is ruled by the enunciation of this Court in the case of Paramore v. Paramore, 61 Fla. 701, 55 Sou. 795, in which it was held:

"In suits involving the marital status and rights, strict rules of procedure are not required; and where the rights of the parties are in substance protected, the proceedings are largely in the discretion of the trial court.

"Where the discretion of the chancellor is not shown to have been abused, an order receiving testimony that was taken after the time allowed by the rule for taking testimony has elapsed, will not be disturbed in cases affecting the marriage status.

"In a suit involving the marriage status it is within the discretion of the chancellor, where there is no abuse, to allow testimony to be taken after the case is set down for hearing on bill, answer and replication, after the time for taking testimony has elapsed."

On consideration of the whole record, it does not appear that the Chancellor abused judicial discretion in receiving the depositions taken under the provisions of Section 47, *et seq.*, 1931 Chancery Practice Act.

. We come then to the question whether or not the facts warrant impeachment of the former decree. There was ample substantial evidence as disclosed by the record to establish the fact as evidently found by the Chancellor that the decree of divorce which was annulled and set aside was procured by a fraud on the court; that the affidavit upon which publication of process was had was false; that the complainant in the divorce suit knew the address at which publication of notice would be received by the defendant and instead of giving that address as the place to which

the notice should be sent gave another and different address, though it was an address at which the defendant had at one time lived.

In Parramore v. Parramore, *supra,* it was held: "The evidence justified the finding that the affidavit as to the residence of the defendant on which the constructive service by publication was had on Lucy Parramore was false and fraudulent. This warranted the decree vacating the divorce decree, the defendant therein not having appeared in the case or waived a legal service of process therein."

In Rawlins v. Rawlins, 18 Fla. 345, it was held: "A widow, and the children born of a cohabitation during the divorce proceedings, and subsequent to a decree of divorce granted at the suit of the husband, have an equity, upon the death of the husband, to set aside such decree of divorce if it was procured by the fraud and imposition of the husband.

"The usual method by which the wife may set aside a fraudulent decree of divorce obtained by the husband, is a proceeding upon notice to the husband in the same case. Where, however, the husband is dead, and there are children the result of cohabitation during the divorce proceedings, and the widow and children seek to set aside the divorce and recover their interest in the estate, they may proceed by an original bill in the nature of a bill of review against the administrator and the children born before the decree of divorce. Such a bill is not objectionable upon the ground either of misjoinder or multifariousness."

While it is not necessary to go beyond this jurisdiction for authority to sustain the decree of the Chancellor, it will not be amiss to refer to the case of Hague v. Hague, 79 Oregon 646, 156 Pac. 277, and cases there cited, and also the case of Green v. Green, 153 Minn. 502, 190 N. W. 989.

Reverting to the method prescribed by Section 47 of the 1931 Chancery Act, we may say that this section is to like effect as Section 863-865 U. S. Revised Statutes, Sections 639-641 Title 28 U. S. C. A. These stautes are discussed in Henning, v. Boyle, 112 Fed. 397. There the court said:

"The method of taking testimony by commission is cumbersome and unsatisfactory, and not resorted to when the convenient method of taking proof prescribed by Section 863, Rev. St. U. S., is available. That section provides for the case of a witness who lives at a greater distance than 100 miles from the place of trial. No order or other direction of the court is required antecedent to such examination. The right to take it upon notice merely, in the manner prescribed is given absolutely to the party by act of Congress. If question is to be raised as to the reasonableness of the notice, or as to the regularity of the proceedings, it may be raised by motion to suppress. With this efficient and simple method of taking proof available, the party is in no position to ask for a commission."

For the reasons stated, the decree should be affirmed.

It is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.