## VROOMAN FLOOR COVERING INC. v. JAMES R. DORSEY.

126 N. W. (2d) 377.

February 14, 1964—No. 39,147.

*Culhane & Culhane,* for appellant.

*Rider, Bennett, Egan & Johnson* and *George R. Ramier,* for respondent.

OTIS, JUSTICE.

This is an appeal from an order granting a motion of defendant, James R. Dorsey, to vacate a default judgment.

Until April 1, 1962, defendant was an officer, employee, and stockholder of a company known as Better Floors, Inc. Thereafter he retained his position as secretary but was no longer actively employed by the company. Nevertheless, on April 17, 1962, he executed a written agreement guaranteeing up to $3,000 any credit extended by plaintiff to the corporation. According to defendant's own affidavit, the purpose of the guaranty was "to obtain further credit from Vrooman Floor Covering, Inc. and in order to further assist the corporation known as Better Floors, Inc."

On September 5, 1962, the defendant signed and swore to a petition in bankruptcy on behalf of Better Floors, Inc., wherein he stated under oath as secretary of the company that it was indebted to Vroo-

man Floor Covering Inc. in the sum of $3,579.79, based on the books and records which he said were kept under his supervision and control.

This action was begun by plaintiff on February 5, 1963, to recover on the guaranty. Prior to the commencement of suit the attorneys for the parties had been negotiating for settlement. There is a dispute between them as to whether plaintiff's attorney agreed to withhold filing the complaint until the time to answer had expired on February 25, or whether it was their understanding it would not be filed under any circumstances. Nevertheless, on March 4 defendant's attorney mailed plaintiff's attorney an unverified general denial which plaintiff's counsel returned on March 5 with a letter stating that it was his intention to apply for a default judgment. On March 18 another such notice was sent to defendant's attorney, and judgment was in fact entered on March 26. On April 2 notice of the entry of judgment was sent to the defendant's attorney who promptly applied on April 3 for leave to vacate and to answer. That motion was granted on May 24.

The rules governing the opening of default judgments set forth in Rule 60.02, Rules of Civil Procedure, are construed in Johnson v. Nelson, 265 Minn. 71, 120 N. W. (2d) 333. In the instant case the grounds asserted are "mistake, inadvertence, surprise, or excusable neglect." In the Johnson case we reiterated the conditions governing the opening of defaults, pointing out that there must be a showing that defendant—

"(a) is possessed of a reasonable defense on the merits, (b) has reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party." 265 Minn. 73, 120 N. W. (2d) 335.

We hold that the evidence supports the court's finding there was a reasonable excuse for failing to answer in time. In addition, there is no question but what defendant acted with diligence after receiving notice of the entry of judgment. However, in contrast to the facts in the Johnson case, where the plaintiff had garnished an amount double the sum prayed for in the complaint, plaintiff here has no security of any

kind if the judgment is reopened. Although there is always some prejudice inherent in delay, whether or not it is substantial prejudice we need not decide since in our opinion the record is barren of any showing whatever that defendant has a reasonable defense on the merits.

The trial court stated as follows in his memorandum:

"The only serious question is whether or not defendant has a meritorious defense. It has been held that an application to open a judgment should not be denied on account of the insufficiency of the answer unless such insufficiency is so glaring that the answer would have been stricken out as sham and frivolous. * * * It has also been held that a verified general denial shows a good defense and is ordinarily sufficient."

The court ruled, however, that no further inquiry into the sufficiency of the defense would be undertaken.

Under District Court Rule 22, a petition to open default judgments must be accompanied by an affidavit of merits. Minn. St. 1961, p. 4939. We have held in a number of cases that the necessity for an affidavit may be waived where a valid defense is presented in the answer or elsewhere in the record.[1] However, in every reported case where the affidavit has been omitted, such a defense appeared. We stated in Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 75, 176 N. W. 153, 154:

"* * * And, to the end that a defaulting defendant may not trifle with the court, it is required that he shall in some manner, in good faith, make a showing of facts, which if established will constitute a good defense. * * * Sound practice requires, as a showing, something more than an unverified answer or unverified statement. The most satisfactory showing of merit is the well recognized affidavit of merits. The

[1]Green v. Green, 153 Minn. 502, 505, 190 N. W. 989, 990; Unowsky v. Show, 161 Minn. 489, 490, 201 N. W. 936; Tiden v. Shurstead, 191 Minn. 518, 519, 254 N. W. 617, 618; Peterson v. W. Davis & Sons, 216 Minn. 60, 63, 11 N. W. (2d) 800, 802.

statute does not require an affidavit of merits. The rules of the district court do."

We think that the disposition of the instant case is governed by our decision in Peterson v. W. Davis & Sons, 216 Minn. 60, 67, 11 N. W. (2d) 800, 804, where we held:

"As we view the entire record, it indicates to us that defendants were endeavoring to delay, if not entirely to avoid, the payment of a just obligation. If an answer is so bad that it would have to be stricken out on motion, the court is justified in refusing to use it as a basis to open a default judgment."

By his own admissions defendant has violated Rules 8.02 and 11, Rules of Civil Procedure, in serving an unverified general denial which puts in issue facts he elsewhere has admitted under oath. Under Rule 8.02:

"* * * If [defendant] is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder."

Rule 11 dispenses with the necessity for verified pleadings but imposes on an attorney executing an answer the serious responsibility of implicitly certifying that there are good grounds to support it and that it is not interposed for delay. Pleadings may be stricken as sham and false when filed for purposes of defeating the rule. As we view the record, the answer before us is one which could and should have been so stricken.

By virtue of these rules it has been stated that general denials for practical purposes have been abolished. Wright, Minnesota Rules, p. 48. Moore has this to say on the subject (2 Moore, Federal Practice [2 ed.] p. 1827):

"Seldom will a party be able to use a general denial in good faith. More often a qualified denial will be in order, as where defendant ad-

mits certain stated allegations and denies generally each and every other allegation. In such a case the defendant should make clear just what he is denying and what he is admitting."

Counsel for defendant concedes that the only purpose of the general denial was to "put appellant to its proof" and to determine by cross-examination whether or not his obligation has been paid by the corporation or by one of the other guarantors.

The mischief of needlessly protracting litigation by the device of interposing a sham pleading is underscored in this case. Defendant has had a period of at least 16 months within which to investigate the facts, interview witnesses, and take discovery depositions. Nevertheless, at oral argument his counsel now acknowledges he can produce no evidence to support what is at best mere conjecture that the bankrupt's debt may have been paid by someone else. No other defense, with or without merit, has been advanced.

Although recognizing that because trial courts have broad discretion in opening default judgments appellate courts will not ordinarily interfere with a policy of liberality in granting such motions, we hold that it was here error to grant defendant's motion. In the instant case there is neither an affidavit of merits, a verified answer, nor any suggestion in the record, the briefs, or oral argument that defendant intends to do more than put plaintiff to his proof. Under these circumstances, the motion should have been denied.

Reversed.