HENDRY, Chief Judge.
The plaintiff, Simone Gravel, filed a complaint in the Circuit Court in an attempt to set aside a divorce decree obtained by the decedent, Sarto Gravel, on the ground that the decree was obtained by fraud. The chancellor found that the proof of fraud was not clear and convincing and entered a final decree in favor of the defendant.
The deceased had filed a complaint for divorce against the defendant on August 30, 1960. The affidavit of the deceased for service by publication alleged that although diligent search and inquiry had been made his wife’s residence was unknown to him. Before the master, the deceased testified that he had separated from his wife on June 9, 1954, at which time the parties resided at 1474 Washington Avenue, Bronx, New York. The final decree of divorce was entered on November 17, 1960. Following the divorce, the deceased remarried.
During the proceedings below, the plaintiff testified that she and the deceased resided at 1474 Washington Avenue, Bronx, New York from 1938 until 1942. In 1942 they moved to 490 East 171st Street, Bronx, New York where they remained until the deceased left her on June 9, 1954. The plaintiff remained at this location until May, 1960, at which time she was informed that the building would be torn down. She testified that when she moved she placed a change of address with the local post office and was forwarded mail sent to her prior address for a period of a year or two. Depositions of neighbors were introduced which substantiated plaintiff’s testimony concerning her residence.
The record of a personal injury suit instituted by the deceased against World Wide Rent-A-Car, Inc. in 1959 was also introduced into evidence. This record showed that on December 7, 1959 the deceased in an answer to written interrogatories testified that his wife resided at 490 East 171st Street, Bronx, New York.
*669 Plaintiff stated that she had not seen or heard from her husband since he left her in 1954. Sarto Gravel died in September, 1963. This action was instituted on July 8, 1964.
A divorce decree may be set aside on the ground of fraud if the evidence reveals that the affidavit upon which publication of process was had was false in that the affiant knew the address at which publication of notice would be received but instead of giving that address gave another address or stated that the address was unknown.[1] However, the burden of proof was on the plaintiff to establish the charge of fraud by clear and convincing evidence especially where the party charged with the fraud is dead.[2]
The allegation of fraud is predicated upon the fact that the deceased’s affidavit executed on August 22, 1960 upon which publication of process was had was false in that the deceased stated that in spite of diligent search and inquiry his wife’s residence was unknown to him. The plaintiff attempted to prove that the deceased, in fact, knew her address to which had notice been sent she would have received it. However, the deceased had not seen or corresponded with the plaintiff for six years. The plaintiff testified that she remained at the last marital address until May, 1960, when she was informed that the building would be torn down.
Based on this evidence the chancellor determined that the plaintiff had not sustained her burden of proof.
While this court may have reached a different conclusion on the facts, we are unable to say that the chancellor’s decision is clearly erroneous. The plaintiff’s burden of proof was heavy and the chancellor’s determination that it was not sustained can be supported by the record.
Therefore, the decree appealed is affirmed.
Affirmed.
PEARSON, J., dissents.

. Russell v. Russell, 129 Fla. 866, 177 So. 280 (1937); Parramore v. Parramore, 61 Fla. 701, 55 So. 795 (1911); Martz v. Riskamm, Fla.App.1962, 144 So.2d 83.

. Grammer v. Grammer, Fla.1955, 80 So. 2d 457; Barnes v. Willis, 65 Fla. 363, 61 So. 828 (1913).