344 So.2d 933 (1977)
Joan Anita MAYO, Appellant,
v.
Charles L. MAYO, Appellee.
No. 76-1411.
District Court of Appeal of Florida, Second District.
April 13, 1977.
Rehearing Denied May 12, 1977.
*934 R. Patrick Phillips, of Baldwin & Dikeou, Fern Park, for appellant.
James L. Sayer, Fort Myers, for appellee Stephen Lee Mayo, a minor, as his Guardian Ad Litem.
James R. Jessell, Fort Myers, for appellee Marion E. Mayo, as Personal Representative of the Estate of Charles Lee Mayo, Deceased.
SCHEB, Judge.
The issue on this appeal is whether the petitioner in a dissolution of marriage proceeding made the requisite diligent search and inquiry necessary as a predicate for constructive service of process.
Appellant Joan Anita Mayo married Charlie L. Mayo on July 17, 1967. They separated at Ft. Myers, Florida, during March 1975. The husband sought to dissolve the marriage on June 13, 1975, by petition in the Circuit Court of Lee County. He filed an affidavit for constructive service of process in which he stated:
"1. The Affiant has made diligent search and inquiry to discover the name and residence of the Respondent, JOAN ANITA MAYO, and the same is set forth in this sworn statement as particularly as is known to the Affiant.
2... .
3. The residence of the Respondent as last known to the Petitioner was 400 Smith Street, Vidalia, Georgia 30474."
No response was made by the wife. Default was taken against the wife for her failure to appear. The case was referred to a special examiner. In a very brief hearing the husband was questioned as to his wife's last known and present address; however, neither his counsel nor the examiner questioned him as to whether he had made a diligent search and inquiry to determine the residence of his wife.[1] A final judgment of dissolution was entered on August 22, 1975. The husband died on November 5, 1975.
On January 15, 1976, the wife moved to set aside the final judgment of dissolution under the provisions of Fla.R.Civ.P. 1.540. She alleged the husband had actual knowledge that, at the time he made his affidavit, she was living with friends in Orlando, Florida. In a proceeding defended by the deceased husband's estate and a guardian ad litem for his minor son by a previous marriage, the trial court denied the wife's motion for relief. We reverse.
Constructive service, often referred to as service by publication, is available to the petitioner in a dissolution of marriage proceeding. Section 49.011(4), Florida Statutes. A condition precedent to service by publication, however, is a sworn statement to be filed in the action by the petitioner, his agent or attorney. Section 49.031(1), Florida Statutes.
Where, as here, a natural person is the defendant to be served by publication, the requirements for the sworn statement are governed by Section 49.041, Florida Statutes, which provides:

Sworn statement, natural person as defendant.  The sworn statement of the plaintiff, his agent or attorney, for service of process by publication against a natural person, shall show:
(1) That diligent search and inquiry have been made to discover the name and *935 residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
(2) Whether such person is over or under the age of 21 [now 18] years, if his age is known, or that his age is unknown; and
(3) In addition to the above, that the residence of such person is either:
(a) Unknown to the affiant; or
(b) In some state of country other than this state, stating said residence if known; or
(c) In the state, but that he has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself so that process cannot be personally served upon him, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.
It is a fundamental principle of law that the constructive service statute is strictly construed against a plaintiff who seeks to obtain service of process under it. Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976). Even so, to set aside a judgment of dissolution where the original petitioner is deceased, there must be clear and convincing evidence that the petitioner failed to make the required diligent search and inquiry essential to the validity of constructive service. McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926); Gravel v. Bailey, 187 So.2d 667 (Fla. 3d DCA 1966).
From the testimony at the Rule 1.540 hearing, it is undisputed that the wife lived with her husband in Ft. Myers, Florida, from January 20, 1975, until their separation sometime in March of that year. Prior to this time the wife had lived in Vidalia, Georgia. In March of 1975, the wife, accompanied by her son by previous marriage, Jimmy Kearce, moved to Orlando, Florida. Jimmy was enrolled in junior high school in the Orlando area until the school year ended on June 5, 1975. While Jimmy was in school the husband visited the wife at her Orlando residence, where she lived with Mr. & Mrs. W.L. Hall, friends of both the husband and wife. Moreover, uncontroverted evidence disclosed several telephone conversations between the husband and wife during that period of time. Further, no one disputed the testimony by Mr. Hall that a few days after school was out, he transported Jimmy from Orlando to Ft. Myers to see the husband, who was Jimmy's stepfather. Jimmy remained there for approximately two months. Additionally, Mr. Hall testified that he was a good friend of the husband's, and that after the wife came to live at the Hall residence he would visit the husband and discuss with him how Mrs. Mayo was getting along. Mrs. Hall's testimony corroborated this.
The wife testified she had telephone calls from her husband while she lived at the Halls' residence in Orlando; that she temporarily left the Halls' on June 7 to go haul fruit in the southwest Florida area. She stated that several weeks later she returned to live in Orlando, although not at the Halls'. There was conflicting testimony as to whether the wife ever called Mr. or Mrs. Hall to tell them how to get in touch with her. The wife claimed her first knowledge of the divorce was after the demise of her husband when she was informed of "legal papers" being found among his effects. In sum, there was evidence that neither the Halls nor the husband knew the precise whereabouts of the wife at the time the husband signed the affidavit for constructive service on June 13. Hence, viewing the evidence in the light most favorable to the now-deceased husband, there was a basis for the trial judge to have found that at that time the husband did not know the exact whereabouts of his wife. But, the gravamen of this appeal is not whether the husband knew her precise whereabouts at the time he signed the affidavit, but whether he made a diligent search and inquiry to ascertain her then residence. Since he knew his wife had recently resided with Mr. & Mrs. Hall in Orlando, it was incumbent upon him to exert an honest and conscientious effort appropriate to the circumstances *936 to acquire the information necessary to effectuate service of process upon his wife. The record is silent as to any inquiry by the husband of either Mr. or Mrs. Hall with whom he had been in contact. Moreover, there was no showing the husband ever inquired of his stepson concerning the wife's whereabouts, notwithstanding that Jimmy lived with him during June and July of 1975. And surely, when his stepson was returned to his mother on July 28 at her request, the husband must have been aware that he could have learned of his wife's whereabouts if, in fact, those whereabouts were not obvious to him by that time.
As was stated in Gmaz v. King, 238 So.2d 511, 514 (Fla. 2d DCA 1970), the test of whether the party who seeks to employ constructive service has made the requisite diligent search and inquiry to whether "the complainant reasonably employed knowledge at his command in making the appropriate effort" to acquire the information necessary to comply with the statute. It is basic that to constitute diligent search and inquiry to discover the whereabouts of a party, that inquiry should be made of persons likely or presumed to know such whereabouts. The evidence before the trial court does not reveal any such inquiry on the husband's part, even though the record affirmatively establishes sources of information readily available to him. The evidence before the trial court is devoid of any showing that the deceased husband made even the most rudimentary efforts to discover his wife's whereabouts at the time he signed the affidavit for constructive service or at any time subsequent thereto.
Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
BOARDMAN, C.J., and HOBSON, J., concur.
NOTES
[1] A legion of Florida cases are instructive on the proposition that one who relies on service by publication should demonstrate that he has made diligent inquiry, and executed an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to enable him to effect personal service on the defendant. See Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976), and the cases cited therein. Our review of the testimony in the dissolution proceeding reveals that no serious attempt was made by counsel or the special examiner to determine the bona fides of the husband in any attempts to make diligent search and inquiry required to validly obtain constructive service in this case.