PER CURIAM.
Appellant, Gino Bironi, Jr., was sued by appellee, Sally Henderson, upon a promissory note in the Circuit Court of Dade County, Florida, during a time he was confined in a criminal correctional institution in Bro-ward County, Florida.
Appellee’s attorney filed an affidavit for service by publication stating that he had personal knowledge of the action; that Bironi could not be found within the state of Florida for service of the summons; and that his residence was unknown. At the same time appellee filed a renotice of action regarding the promissory note. Default was entered against appellant for failure to answer. Final judgment was later entered for Five Thousand ($5,000.00) Dollars plus costs and attorney fees. Appellant became aware of the suit and judgment against him when he was served with a subpoena duces tecum in aid of execution. Whereupon he filed a motion to vacate the default and final judgment supported by an affidavit of appellant stating that the promissory note sued upon was given consideration of moneys paid an attorney by the appellee for appellant’s defense of criminal charges and that appellant was confined to a criminal correctional institution in Broward County, Florida.
The trial court denied the motion to vacate and this appeal followed.
*725 One of the grounds urged by appellant for reversal is that appellee failed to reasonably employ knowledge at her command and make diligent inquiry appropriate to the circumstances to enable her to make personal service upon appellant. We find merit in appellant’s contention and reverse. See Gmaz v. King, 238 So.2d 511 (Fla.2d DCA 1970); Mayo v. Mayo, 344 So.2d 933 (Fla.2d DCA 1977).
Reversed.