## MARY MOOT v. CONRAD SEARLE.[1]

December 18, 1925.

No. 25,009.

Denial of motion to vacate default judgment sustained.

> The showing in opposition to a motion to vacate a default judgment and permit defendant to answer indicates that when the service was made upon him defendant knew perfectly well what was happening. He claims to have forgotten all about the matter until judgment was entered over a year afterwards. *Held* not an abuse of discretion to deny his motion for relief.

See Judgments, 34 C. J. p. 305, § 524.

---

See 15 R. C. L. 720; 5 R. C. L. Supp. 848.

[1]Reported in 206 N. W. 447.

Action in the district court for Ramsey county to recover for services. Defendant appealed from an order, Hanft, J., denying his motion to vacate a default judgment in favor of plaintiff.   Affirmed.

*Hermon W. Phillips,* for appellant.

*Gustavus Loevinger* and *Othniel Brandt,* for respondent.

STONE, J.

Action to recover compensation for personal services.  Judgment was entered against defendant by default and he appeals from the order denying his motion to relieve him from the default, vacate the judgment and permit him to answer.  The affidavits against the motion indicate that defendant has had much experience as a defendant in civil cases, and as a result possesses much more information concerning the service of a summons than he admits in his own affidavits.  The showing for plaintiff indicates that when this service was made upon defendant he knew perfectly well what was happening.

According to plaintiff, her former attorney having failed to procure service upon defendant, she undertook the task herself.  With the papers in her possession, she found defendant at an apartment building in St. Paul.  He was manager of the property and plaintiff asked the janitor to serve the papers, which he did, after plaintiff had said to defendant:  "I have come to make service of papers upon you."

Defendant's principal contention is that he simply forgot the transaction, suggesting in that connection that he did not suppose that a summons could be served in that way.  Service was made January 23, 1924; judgment was not entered until March 27, 1925, and this motion was made June 20, 1925.  Under the circumstances, while we disapprove of the manner in which the summons was served, we cannot say that there was any abuse of discretion in denying defendant's motion to be relieved from his default.

Order affirmed.