DAVID WICK, BY RAYMOND F. WICK, HIS FATHER AND NATURAL GUARDIAN, AND ANOTHER v. SIGRID WIDDELL.

149 N. W. (2d) 20.

February 17, 1967—No. 39,864.

52

*Friedman & Friedman,* for appellant.

*Robert P. Nolan* and *Montague, Applequist, Lyons, Nolan, Donovan & Knetsch,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying the motion of Raymond F. Wick, one of the plaintiffs, for judgment notwithstanding the verdict.

The action arose out of an accident in which the vehicle owned by plaintiff Raymond Wick and driven with his permission by his son, plaintiff David Wick, collided with the vehicle owned and driven by defendant, Sigrid Widdell.

A joint action was brought against defendant by Raymond, as father and natural guardian of David, for David's injuries and by Raymond as bailor claiming damages to his vehicle. Defendant filed an answer denying liability and also a counterclaim against both plaintiffs for damages for her personal injuries and to her car.

The accident occurred about 3:30 p. m. on September 5, 1963, at an intersection in Cloquet, Minnesota. The Wick vehicle was being driven in a westerly direction and defendant's car in a southerly direction. It appears that the intersection was uncontrolled except at the approach from the south, where there was a yield sign, so no signs controlled the action of David and defendant as they approached the intersection from the east and north respectively. There was evidence that the left front of defendant's vehicle was damaged; that the right front of the Wick car was damaged; and that neither defendant nor David observed the other vehicle until the cars were approximately at the middle of the intersection

where the collision took place. There was no evidence to show that either car was being driven excessively fast.

There was testimony on behalf of plaintiffs that defendant's alleged negligence consisted of driving on the wrong side of the street near parked cars so that her vehicle could not be seen until it entered the intersection, too late for David to avoid the accident; that defendant stopped and then started suddenly into the intersection; and that her car struck plaintiffs' vehicle. According to testimony for defendant, she was traveling about 15 miles per hour, slowed down as she came to the intersection, and was driving on her right side of the street; she had the right-of-way and her car was hit by the Wick vehicle as she entered the intersection.

The case was tried before a jury which brought in a verdict against both plaintiffs and against defendant on her counterclaim as follows:

"We, the jury in the above entitled action, find for the defendant Sigrid Widdell and that no money should be paid to plaintiff or defendant."

Plaintiff Raymond Wick moved for judgment notwithstanding the verdict in the sum of $327.10[1] on the ground that the verdict made it clear the jury had found both drivers negligent, entitling him as a bailor to recover damages for his vehicle from defendant, since his son David's negligence could not be imputed to him. The trial court in its order denied his motion, and he appealed from that order.

He assigns as error the court's denial of his motion. His position is that when the jury brought in a verdict against plaintiffs and also against defendant on her counterclaim, it found both drivers negligent and that therefore, as a bailor suing only for damages to his car, he was entitled to such damages as a matter of law.

Defendant here contends that the jury's decision was permissible in that there was conflicting evidence as to the circumstances of the accident, as to whether she was negligent, and as to whether her negligence was the proximate cause of the accident. In an ordinary civil action the plaintiff

---

[1] It was stipulated by the parties that the damage to plaintiff's car was in the sum of $327.10, the stipulation being without any inference that defendant was admitting liability for such damage.

has the burden of proving every essential element of his case, including damages by a fair preponderance of the evidence. Carpenter v. Nelson, 257 Minn. 424, 101 N. W. (2d) 918.

The verdict in the case before us is confusing. At the outset it states: "We, the jury in the above entitled action, find for the defendant Sigrid Widdell." If it stopped there it would be simple to construe. However, it then provides that "no money should be paid to plaintiff or defendant." However, there were two plaintiffs here—Raymond, the bailor, and David, the bailee—not one, as the verdict seems to indicate. The negligence of the bailee-driver was not imputable to the bailor-owner of the car. Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945; Ristau v. Riley, 230 Minn. 341, 41 N. W. (2d) 772; Jacobsen v. Dailey, 228 Minn. 201, 36 N. W. (2d) 711, 11 A. L. R. (2d) 1429; Knutson v. Nielsen, 256 Minn. 506, 99 N. W. (2d) 215.

It is our opinion that the verdict of the jury established that the negligence of both drivers concurred as proximate causes of the accident. The verdict is defective because of the failure of the jury to allow damages in some amount to the bailor whose right to recover was not barred by the negligence of the person driving his car. See the above-cited cases.

In view of the parties' stipulation that the damage to the bailor's car amounted to $327.10, the order appealed from is reversed and the case is remanded with instructions that judgment be entered in favor of plaintiff Raymond Wick for the stipulated amount.

Reversed.

OTIS, JUSTICE (dissenting).

Without special verdicts it is impossible to determine whether the jury found neither party sustained the burden of proving the other negligent, or whether defendant having the directional right-of-way proved the minor plaintiff negligent but failed to establish damages adequately. Either finding is consistent with the verdict.

I would affirm.

ROGOSHESKE, JUSTICE (dissenting).

I join in the dissent expressed by Mr. Justice Otis.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.