James P. HEARNE, d/b/a J.P. Hearne &
Associates, Respondent,

v.

Kirk F. WADDELL, d/b/a Integrated
Business Computers, Defendant,

Integrated Business Computers,
Inc., Appellant.

No. C5–82–1598.

Supreme Court of Minnesota.

Jan. 6, 1984.

Hadlick & Hoedeman, Michael D. Madigan, Allen E. Christy, Minneapolis, for defendant and appellant.

Thuet, Lynch & Pugh, Edward Lynch, South St. Paul, for respondent.

SCOTT, Justice.

The defendant Integrated Business Computers, Inc. (hereafter "IBC") appeals from the order of the Hennepin County District Court denying its motion to vacate a default judgment entered against it. We reverse.

The plaintiff James P. Hearne, d.b.a. J.P. Hearne & Associates, commenced this action to recover the alleged unpaid balance of a contract, the terms of which required the delivery from February 22, 1982 to April 30, 1982 of computer hardware and equipment valued at $94,645.77 to the defendant IBC. According to the plaintiff's complaint, only a portion of the contract price was paid and thereafter the defendants resold several items, only retaining equipment valued at $12,720 in their inventory.

The parties began settlement negotiations in July, 1982 during which the plaintiff was represented by California counsel. By August 6, 1982, the plaintiff had retained local counsel and, although the mat-

ter is disputed, it appears that negotiations continued. Despite that fact, on August 17, 1982, the plaintiff served a summons and complaint on the defendant Waddell, as an individual defendant and in his capacity as the president and majority shareholder of the defendant IBC. Counsel for the individual and corporate defendants was never provided with a copy of the summons and complaint, despite the fact that the representation was known to both California and local counsel. Waddell later claimed that he assumed that his counsel would be furnished with a copy and that he would be instructed about the requirements for filing an answer, so he did nothing.

A default judgment was entered against both the individual and corporate defendants on September 14, 1982 in the amount of $68,331.15, the claimed unpaid balance of the contract together with interest. The defendants were not notified until September 23, 1982, when a banking official informed IBC that its account had been garnisheed.

On September 28, 1982, both defendants moved the district court to vacate the default judgment. Waddell claimed a meritorious defense with regard to his personal liability and IBC contended that it sought to raise questions with regard to the plaintiff's alleged breach of contract, breach of warranty and failure of consideration with respect to allegedly defective goods.

The district court granted defendant Waddell's motion and denied IBC's, concluding that IBC had neither a reasonable defense on the merits nor a reasonable excuse for failing to answer.

It is our view that the district court abused its discretion in failing to grant the corporate defendant's motion to vacate. While the court concluded that the individual's excuse for his failure to answer was "weak," it was persuaded that he had a reasonable defense on the merits with regard to his personal liability. The corporate defendant asserted the same alleged

excuse for failure to answer but it, together with claimed reasonable defenses on the merits, was rejected. When the interests of the two defendants are, as here, almost identical and inseparable, it is difficult to accept a distinction in relieving one but not the other from the operation of the default judgment. No substantial prejudice would result to the plaintiff who, by operation of a portion of the trial court's order, is required to try this action on the merits. Moreover, the vacation of the default judgment as to the corporate defendant promotes the policy of obtaining a judgment after trial on the merits espoused in *Taylor v. Steinke*, 295 Minn. 244, 203 N.W.2d 859 (1973).

Reversed and remanded.