**GUILLAUME & ASSOCIATES, INC., Respondent,**

v.

**DON–JOHN COMPANY, Appellant,**

**Summit State Bank of Bloomington, Respondent,**

**Restan Care Nursing Home, et al., Defendants,**

**Krueger Drywall Company, Reinke Wholesale of Minnesota, Inc., Hovole Plumbing and Heating, Inc., Respondents.**

No. CO–85–440.

Court of Appeals of Minnesota.

July 9, 1985.

John W. Lang, Lang, Pauly & Gregerson, Ltd., Minneapolis, for respondent.

John H. Brennan, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Respondent Guillaume & Associates, Inc., served appellant Don-John Company with a complaint seeking both a mechanic's lien and a money judgment. Don-John did not answer the complaint.

After two and one-half years, Guillaume served notice on Don-John of its intention to apply to the district court for a default judgment. Don-John contested the motion, claiming it had not realized that Guillaume had a claim against it and that it had a meritorious defense. The trial court entered a default judgment against Don-John and denied its subsequent motion to vacate the default judgment. We order the default judgment vacated.

## FACTS

Don-John Company is the fee owner of real property in Minneapolis, Minnesota. In January 1979 Don-John entered into a contract for deed to sell the property to Restan Care Nursing Homes, Inc.

On May 26, 1982, Guillaume and Associates, Inc., served a summons and complaint on Don-John and the Summit State Bank of Bloomington. The complaint alleged *inter alia* that Guillaume had furnished labor and materials to "Don-John Company and Summit State Bank of Bloomington, a partnership, at their request and in the amount of $8,900.00 * * *." A lien statement attached to the complaint states that the labor and material were furnished at the request of Restan Care Nursing Homes. A bill of particulars shows correspondence and an invoice to Scarbrough & Associates. The complaint also sought a mechanic's lien

on the premises. Don-John did not file an answer.

Over the next two and one-half years Guillaume litigated an appeal to the Minnesota Supreme Court taken by defendant Summit State Bank of Bloomington, for leave to file an answer,[1] and completed its discovery with respect to other named parties.

Guillaume served a notice of motion for default judgment upon Don-John on October 19, 1984. Both the company's attorney and Donald Litin, a partner in Don-John, immediately contacted Guillaume's attorney and indicated Don-John's desire to defend the action. The request was denied. At the November 1, 1984, motion hearing Don-John was represented by counsel, who contested the motion for default judgment and submitted an answer to the underlying action.

In its answer Don-John admitted receiving service of the summons and complaint but denied ever being in partnership with Summit State Bank and denied contracting for or having knowledge of the furnishing of labor and materials by Guillaume to the property. Don-John claimed it failed to respond to the complaint because it did not realize Guillaume was seeking relief that could have an adverse effect upon it since Restan Care's contract for deed payments were current and Don-John had not ordered any work from Guillaume.

Guillaume's motion for default judgment was granted. Subsequently, Don-John moved to vacate the default judgment and for leave to file an answer and cross-claim. The motion was denied. Don-John appeals from both the default judgment and order denying its motion to vacate.

## ISSUE

Did the trial court err in granting a default judgment against appellant and in denying its motion to vacate the judgment?

1. *See Guillaume & Associates, Inc. v. Don-John Co.,* 336 N.W.2d 262 (Minn.1983).

## DISCUSSION

■ When a party fails to plead or otherwise defend within the time allowed by law, a default judgment may be entered against it. Minn.R.Civ.P. 55.01. The factors to be considered in determining whether to grant a default judgment are substantially the same as those to be considered on a motion to vacate a default judgment. *See Coller v. Guardian Angels Roman Catholic Church of Chaska*, 294 N.W.2d 712, 715 (Minn.1980). Don-John argues that the trial court erred because it failed properly to apply the criteria set forth by the Minnesota Supreme Court for determining whether to grant or vacate a default judgment. We agree.

A party may be relieved from a final judgment if the judgment resulted from "excusable neglect." Minn.R.Civ.P. 60.02. In interpreting this rule as applied to default judgments, the Minnesota Supreme Court has indicated that whether a default judgment "should be opened is a matter largely within the discretion of the trial court, and that court's decision will not be reversed unless such discretion is abused." *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). However, the Minnesota Supreme Court has said that

> in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the court should relieve a defendant from the consequences of his attorney's neglect in those cases where defendant (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) shows that no substantial prejudice will result to the other party.

*Id.* at 179–80, 203 N.W.2d at 403; *see also Conley v. Downing*, 321 N.W.2d 36, 40 (Minn.1982). We are satisfied that the four factors are met in this case.

■ First, Don-John may have a reasonable defense on the merits. In order to obtain a personal judgment, Guillaume must show that the work was performed at Don-John's request. In his affidavit Litin denies that Don-John contracted for or agreed to the furnishing of any labor or materials to the property after its sale in 1979. The complaint names Don-John in partnership with the Summit State Bank; however, Litin denies ever having been in such partnership. Moreover, attachments to the complaint indicate that Restan Care arranged for the work performed by Guillaume in conjunction with Scarbrough and Associates, an entity allegedly having no relationship with Don-John. On the basis of Litin's affidavit and the attachment to plaintiff's own complaint, Don-John has at least a colorable defense.

■ Second, Don-John acted diligently not only after but before notice of the entry of default judgment. Upon receiving notice of Guillaume's plan to seek a default judgment, Don-John's attorney first sought to resolve the matter informally, as a matter of professional courtesy, by seeking permission to file an answer from Guillaume's attorney. This request was refused. Thereafter, Don-John responded promptly by contesting Guillaume's motion to enter a default judgment and by later moving to vacate the judgment.

■ Third, Guillaume will not be substantially prejudiced by vacating the default judgment. Discovery has not been extensive, and no depositions have been taken. In addition, Don-John has indicated its willingness to complete its own discovery in less than three months. Because a note of issue has not been filed, it is not likely that Guillaume would be prejudiced by a delayed trial date.

Furthermore, if Guillaume has been prejudiced by the passage of time, as it contends, the fault lies at least as much with its litigation tactics as with Don-John's neglect. Guillaume delayed moving for a default judgment for two and one-half years. During that time Guillaume litigated a similar issue in the same action against Summit State Bank, which had filed an answer six days late after a misunderstanding

about the date on which the complaint was served. *See Guillaume & Associates, Inc. v. Don-John Co.*, 336 N.W.2d 262–63 (Minn. 1983). The Minnesota Supreme Court reversed the trial court's denial of the bank's motion for an extension of time to file an answer. *See id.* at 264. Thus, the instant case marks the second time Guillaume has forced an appeal by attempting to secure a default judgment when the defaulting party appeared to have a defense on the merits and sought to cure the default. This use of the Minnesota Rules of Civil Procedure is contrary to a central purpose of the rules—"to secure .a just determination of every action." *Id.*

Don-John's excuse for failing to interpose an answer is weak. However, Litin was at least straightforward in acknowledging service of the complaint and indicating that he did not respond because he thought Guillaume did not have a meritorious claim. If Litin's claims are true, Don-John was not involved in contracting for Guillaume's labor and materials. In addition, it was not unreasonable for Don-John to believe that Guillaume would not pursue it, the vendor on the contract for deed. Given the facts of this case, it is plausible that a layman might conclude that he would not be held accountable in a dispute between Guillaume and Don-John's contract-for-deed vendee.

 The mechanic's lien statute is structured to guarantee payment for work performed on property by assigning the property as security. *See* Minn.Stat. §§ 514.01–.17. Don-John had no reason to believe the property was at risk, having consistently received contractor-deed payments from Restan Care. Thus, even though Don-John may not have acted prudently by not responding to the complaint or consulting an attorney who could have advised it properly, we cannot say that Litin's evaluation of Don-John's situation was unreasonable.

It is apparent that the trial court recognized and was influenced by the weakness of Don-John's excuse. In our view, however, the relative weakness of one factor should be balanced against the strong showing on the other three factors. In keeping with the spirit of the rules, we conclude that Don-John should be allowed to file an answer and defend.

## DECISION

The trial court erred in entering a default judgment against appellant. Judgment ordered vacated.

Vacated.