Myles SPICER, Respondent,

v.

CAREFREE VACATIONS,
INC., Appellant.

No. C7–84–1543.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Richard G. Spicer, Spicer, Watson & Carp, Minneapolis, for respondent.

G. Alan Cunningham, Scott W. Johnson, Minneapolis, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

LESLIE, Judge.

Carefree Vacations, Inc. appeals from an order denying its motion to vacate a default judgment. Respondent commenced a breach of contract action against appellant Carefree Vacations, Inc. When appellant failed to answer or otherwise respond to the complaint, respondent moved for an order entering judgment by default. The motion was granted on April 25, 1984. We reverse and remand.

## FACTS

Carefree Vacations, Inc. is an Illinois corporation engaged in the business of wholesaling charter air transportation. Respondent contracted with Carefree for round-trip transportation for two by air charter from Minneapolis, Minnesota to Honolulu, Hawaii to depart February 7, 1984, and to return February 21, 1984. Under the terms of the contract, air transportation was to be provided by Global International Airlines flying Boeing 707–320's with a 184-passenger configuration or 727–100's with a 119-passenger configuration. Carefree also "reserve[d] the right to substitute similar or comparable equipment if necessary."

During the winter of 1983–84, the Federal Aviation Administration grounded Global International Airlines. Appellant substituted a McDonnell Douglas DC–8 on respondent's charter flight.

On or about January 31, 1984, seven days before the scheduled departure, respondent cancelled his reservations with appellant. Under the terms of the contract, respondent's cancellation on that date entitled appellant to a cancellation charge of fifty percent of the tour price. Appellant refunded fifty percent of the tour price.

Respondent alleges that in contracting with appellant he relied on appellant's advertisement, which indicated air transportation would be provided on a Boeing 747. When the advertisement was changed to read that air transportation would be provided on a DC–8, respondent cancelled his reservation and commenced an action for breach of contract.

Respondent served a summons and complaint on appellant at its corporate office in Illinois on February 17, 1984. When appellant failed to answer, respondent moved for an order entering judgment by default. The trial court granted respondent's motion and awarded damages of $2,388.00. Of that amount, $1,038 constituted appellant's cancellation charge. The balance constituted alleged incidental and consequential damages for respondent's lost opportunity to rent his property in Hawaii and the cost of obtaining alternate transportation.

After learning of entry of judgment and related garnishment proceedings, appellant's chairman contacted his attorney, and appellant moved to vacate the default judgment. Appellant alleges that it inadvertently and unintentionally failed to respond to respondent's complaint. Appellant's president stated that he did not realize the legal significance of the document, and the chairman asserted that he did not realize that it was a document requiring immediate action. The trial court denied appellant's motion upon a determination that appellant did not show a sufficient excuse for his failure to answer the complaint.

## ISSUE

Did the trial court err in denying appellant's motion to vacate the default judgment?

## ANALYSIS

■ Minnesota Rule of Civil Procedure 60.02 provides in part as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from final judgment * * * and may order a new trial or may grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect * * *.

Whether a default judgment should be opened is largely within the discretion of the trial court, and its decision will not be reversed on appeal unless there has been an abuse of discretion. *Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973); *Guillaume & Associates, Inc. v. Don-John Co.,* 371 N.W.2d 15, 18 (Minn.Ct. App.1985). The Minnesota Supreme Court has stated that relief from a default judgment is proper if four factors are satisfied:

defendant has a reasonable defense on the merits; defendant has a reasonable excuse for his failure to answer; defendant acted with due diligence after notice of the entry of judgment; and no substantial prejudice will result to other parties.

*Coller v. Guardian Angels Roman Catholic Church,* 294 N.W.2d 712, 715 (Minn. 1980).

Appellant contends that it established the presence of each of the four factors. First, appellant argues that it has a reasonable defense on the merits because it provided air transportation in a DC–8, which constituted equipment "similar or comparable" to that promised respondent under the contract. Thus, appellant contends that there was no breach of contract. Appellant also asserts that respondent's claim for recission must fail because he has not demonstrated that appellant materially breached the contract or that appellant did not substantially perform. In addition, appellant raises the defense of impossibility of performance, arguing that because the Federal Aviation Administration grounded Global International Airlines, appellant was unable to provide air transportation in a Boe-

ing 707 or 727. Even assuming the validity of respondent's claim, appellant argues that the amount of damages that would be allowed is substantially less than the $2,388 awarded in the default judgment.

From the trial court's memorandum, it does not appear that any defenses were taken into account.

Appellant's next argument is that it satisfied the factor requiring due diligence because it retained local counsel to obtain vacation of the default judgment within twenty-five days of the entry of judgment. Respondent does not contest this contention.

Appellant also claims that respondent will suffer no substantial prejudice to his ability to litigate his claim if the judgment is vacated. Although respondent claimed at trial that he heard from various travel agents that appellant had gone or was going out of business and that therefore he might be prejudiced by his potential inability to collect a future judgment, appellant denied these hearsay allegations and attested to its financial strength. We find no evidence in the record to substantiate respondent's allegations.

Appellant's final argument is that it has a reasonable excuse for its failure to answer. Although appellant's president and chairman of the board received the summons and complaint, they claim that they did not realize the legal significance of the documents. Appellant relies on *Hearne v. Waddell*, 341 N.W.2d 876 (Minn.1984), to support its claim that its excuse of misunderstanding legal requirements was sufficient. In *Hearne*, 341 N.W.2d at 877, the plaintiff served a summons and complaint on defendant Waddell as an individual and in his capacity as president and majority shareholder of the corporate defendant. Waddell claimed that he did not respond because settlement negotiations had been ongoing and he therefore assumed his counsel would be furnished with a copy. After entering a default judgment, the trial court granted Waddell's motion to vacate but denied the corporate defendant's motion. The Minnesota Supreme Court held that the trial court abused its discretion in

failing to vacate the default judgment against the corporate defendant because the interests of both defendants were almost identical and both offered the same excuses. *Id.*

This case is unlike *Hearne*, however, because appellant's president and chairman had no reason to believe that counsel or anyone else would receive a copy. The language of the documents clearly indicated the necessity of immediate action. We therefore do not dispute the trial court's characterization of appellant's excuse as "weak."

■ Nevertheless, this court has since required that courts balance the remaining three factors. In *Guillaume & Associates, Inc.*, 371 N.W.2d 15 (Minn.Ct.App.1985), the trial court appeared to consider only one factor—the "weak" excuse. This court held that even assuming the weakness of the excuse, it was outweighed by the strength of appellant's showing on the other three factors. *Id.* at 19.

Similarly, in *Hearne*, the Minnesota Supreme Court balanced the reasonableness of the corporate defendant's excuse for failing to answer against the other factors. In reversing the trial court's denial of a motion to vacate, the supreme court noted that "[w]hile the court concluded that the individual's excuse for his failure to answer was 'weak,' it was persuaded that he had a reasonable defense on the merits with regard to his personal liability." *Hearne*, 341 N.W.2d at 877.

The trial court in this case apparently considered only the "weak" excuse given by appellant for failing to answer the complaint. We find that this limited view was error.

### DECISION

Although the record would support a vacation of the default judgment, we recognize that fact-finding is uniquely a function of the trial judge. We therefore remand with instructions to determine whether appellant's weak excuse for failing to answer the complaint was outweighed by appel-

lant's showing on the other three factors. If, upon reconsideration, the trial court finds it proper to vacate the default judgment, appellant should be allowed to file an answer and defend on the merits and the appropriate sanction would be to award respondent $250 for attorney's fees as requested at the time of his motion.

Reversed and remanded.