**Kim HILL, Respondent,**

v.

**Ronald E. TISCHER, d.b.a. R–T's Rock Garden Bar, Appellant,**

**Roxanne Mund, Defendant.**

**No. C8–85–1965.**

Court of Appeals of Minnesota.

April 1, 1986.

Don R. Krassin, Wahpeton, N.D., for respondent.

Michael J. McCartney, Breckenridge, for appellant.

Considered and decided by NIEREN-GARTEN, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Respondent Kim Hill sued appellant Ronald E. Tischer, the owner of a bar, for damages for personal injuries sustained while a patron of Tischer's establishment. Tischer did not respond. Approximately six months after service of the complaint, Hill moved for a default judgment, which the trial court granted after an uncontested hearing.

Shortly after the default judgment was entered, Tischer moved to open the default judgment. The trial court denied his motion and Tischer appeals. We reverse and remand.

## FACTS

On January 18, 1985, Kim Hill was a patron in a bar owned by Ronald Tischer when another patron threw a glass at Hill that struck and cut Hill on her face. Hill required eleven stitches, incurred $119.84 in medical expenses and lost approximately $33.00 in wages.

On April 18, 1985, the sheriff served a summons and complaint on Tischer, who failed to respond. In the latter part of July 1985, Hill moved for a default judgment in the amount of $20,000 and allegedly mailed a notice of the default hearing to Tischer.

At the default hearing, Hill was the only witness to testify. She responded affirmatively to her attorney's question that "[i]t was your feeling the bouncer could have easily intervened to stop the fight or injury?" With respect to scarring, Hill testified her doctor told her that "what was there in six months would be there for the rest of my life." Hill further testified that she suffered some pain after sustaining the injury and occasionally feels a sharp pain that will bother her all day, but that such pain is not so severe that she has to seek medical treatment. In regard to the amount of damages sought, Hill testified as follows:

Q: And you are aware, are you not, of the motion that we are here requesting * * * the $20,000?

A: Yes.

Q: We went over that in my office?

A: Yes.

Q: And you are not claiming, are you, that you can tell us precisely how you or I arrived at that; but you thought that would be a fair settlement for this injury?

A: Right.

Q: And this would include what you went through at the time of the accident and the permanent scarring and everything involved with this accident; correct?

A: Yes.

The trial court granted Hill's motion for default judgment, and awarded her $20,000 "in view of the fact that the defendants have not shown up and haven't appeared in any way in the lawsuit." The judgment was entered on August 6, 1985.

Upon receipt of the notice of entry of judgment, Tischer contacted an attorney, who, approximately one week later, filed a motion and accompanying affidavit seeking to open the default judgment. Tischer asserted by affidavit, that he forgot and neglected to file an answer to the complaint because of the busy summer season and because he was absent from the communi-

ty for a period of time. Tischer also stated he initially delivered the summons and complaint to his insurance agent with a request for legal defense. Finally Tischer claimed that the person who struck Mund was not under his control, that he was not responsible for Hill's injury, and that even if he were responsible, "the issue and question of damages would be substantial."

On September 18, 1985, the trial court denied Tischer's motion to open the default judgment on the grounds that Tischer had no reasonable excuse for his failure to answer. The trial court further found that substantial prejudice would result to Hill and that Tischer's claimed defense was questionable. Tischer appeals from the default judgment entered against him and the order denying his motion to open the default judgment.

## ISSUE

Did the trial court abuse its discretion in denying Tischer's motion to open the default judgment entered against him?

## ANALYSIS

■ A default judgment may be entered against a party who fails to plead or otherwise defend within the time allowed by the law. Minn.R.Civ.P. 55.01. A party may be relieved, however, from a final judgment for, among other reasons, "excusable neglect" and "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02. In applying Rule 60.-02 to a default judgment, "[w]hether the judgment should be opened is a matter largely within the discretion of the trial court, and that court's decision will not be reversed unless such discretion is abused." *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973) (citations omitted). *See also Guillaume & Associates, Inc. v. Don-John Co.*, 371 N.W.2d 15, 18 (Minn.Ct. App.1985) (abuse of discretion standard applied). While the right to be relieved from the consequences of a default judgment is not absolute, *Kosloski*, 295 Minn. at 180, 203 N.W.2d at 403, it is also true that "[r]elief should be granted liberally so as to

permit determination of the controversy upon the merits." *Croes v. Handlos*, 225 Minn. 247, 249, 30 N.W.2d 471, 472 (1948).

A party seeking to open a default judgment must establish that he:

(a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party.

*Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952) (footnote omitted). By granting a motion to open a default judgment when these requirements are met, the trial court furthers a liberal policy favoring the trial of causes on their merits. *Id.*

Tischer claims he met the four requirements of *Hinz*. First, as to his defense on the merits, Tischer claims the trial court did not follow the reasonability standard, but instead only characterized the defense as questionable, and disregarded the issues of causation, control, master-servant responsibility, assumption of the risk, and the excessive amount of damages awarded without expert testimony, all of which constitute reasonable defenses. Hill claims Tischer never detailed the substance of his defenses. Second, Tischer claims he showed a reasonable excuse for his failure and neglect to answer because of the busy summer and his absence from the community, his delivery of the legal papers to his insurance agency, and his forgetting to contact an attorney after the insurance agency returned the papers.

Third, Tischer claims and Hill concedes that Tischer acted with due diligence after receiving notice of entry of judgment. Hill asserts, however, that the other excuses given by Tischer for not responding to the initial pleadings do not constitute reasonable excuse or neglect, especially because Tischer received due notice of all proceedings.

Finally, Tischer contends no substantial prejudice will be caused even though Hill's

332

attorney stated that "there is prejudice to my client due to delay and inability to contact certain witnesses that we are not sure of their whereabouts at the present time," adding that even if found, their memories have faded.

 The trial court properly recognized the precept that forgetfulness is not excusable neglect. *See Whipple v. Mahler,* 215 Minn. 578, 583–84, 10 N.W.2d 771, 775 (1943); *Moot v. Searle,* 165 Minn. 308, 309, 206 N.W. 447, 447 (1925).

 However, Tischer did show he acted with diligence upon receipt of the notice of entry of judgment. Moreover, looking at the record as a whole, *see Vrooman Floor Covering, Inc. v. Dorsey,* 267 Minn. 318, 321, 126 N.W.2d 377, 379 (1964); *Grunke v. Kloskin,* 355 N.W.2d 207, 209 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Jan. 2, 1985), it provides grounds for a reasonable defense.

 Although some prejudice is inherent in every delay, *Vrooman,* 267 Minn. at 320, 126 N.W.2d at 378, the opening of a default judgment must show no substantial prejudice to the adverse party. The record is devoid of any indication that Hill was actually unable to locate any witnesses.

In looking at these factors and in keeping in mind that "[t]he relative weakness of one [*Hinz*] factor should be balanced against the strong showing on the other three factors," *Guillaume,* 371 N.W.2d at 19, and the spirit of the liberal policy against default judgment, we believe the trial court abused its discretion in denying Tischer's motion to open the default judgment.

 We believe the judgment should be opened for yet another reason. Under Rule 60.02(6), a judgment may be opened for any reason justifying relief. Minn.R. Civ.P. 60.02. We find that the testimony at the uncontested default hearing provides too little support for the $20,000 judgment. *See Elk River Enterprises, Inc. v. Adams,* 357 N.W.2d 139, 140 (Minn.Ct.App.1984). Hill had the burden of "proving every essential element of [her] case, including

damages by a fair preponderance of the evidence." *Wick v. Widdell,* 276 Minn. 51, 53–54, 149 N.W.2d 20, 22 (1967). Not only did Hill fail to show liability, but she admittedly failed to explain how she arrived at damages in the amount of $20,000. As in *Adams,* this seems to be an "off-the-cuff estimate." *See Adams,* 357 N.W.2d at 141. Accordingly, we find that the trial court abused its discretion in denying Tischer's motion to open the default judgment.

### DECISION

The order of the trial court denying Tischer's motion to open the default judgment is reversed and remanded so that Tischer can interpose an answer.

Reversed and remanded.