VALLEY VIEW, INC., Respondent,

v.

Gordon H. SCHUTTE, et al.,
Defendants,

Howard Bergerud, Appellant.

No. C5–86–1531.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied March 18, 1987.

Sandra K. Agvald, Sandra K. Agvald & Assoc., P.A., Minneapolis, for respondent.

William D. Hittler, Winthrop & Weinstine, St. Paul, for Howard Bergerud.

Heard, considered and decided by POPOVICH, C.J. and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This appeal is from an order denying appellant Howard Bergerud's motion to vacate a default judgment entered against him. Bergerud contends the judgment should be vacated for lack of personal service and because he demonstrated excusable neglect. Because we believe appellant has met the test for vacation of default judgment, we reverse and remand.

## FACTS

Respondent Valley View, Inc. contracted to provide liability insurance coverage for

Myhr's Bakery, Bergor properties, and other individuals, including appellant Howard Bergerud. When Valley failed to receive payment for the insurance, it sued Bergerud and the other entities and individuals. Valley claims it effectuated personal service upon Bergerud on May 19, 1986. The process server stated in his affidavit he had known Bergerud for 10 years and for that reason specifically recalled personally serving him.

On June 18, 1986 the court administrator sent the form notification of judge assignment to all parties. Because Valley had received no response to the complaint, its attorney wrote Bergerud's corporate counsel on July 14, 1986, advising of the fact of service upon Bergerud. Valley received no answer or response of any kind, so it applied to the court for a default judgment. The district court entered a default judgment against Bergerud on August 6, 1986.

When Bergerud discovered a writ of execution was about to be executed on his Mercedes automobile, he sought to have the judgment vacated. On August 22, 1986 Bergerud moved the trial court to vacate the judgment pursuant to Minn.R.Civ.P. 60.02. Bergerud stated in his affidavit that he "[did] not recall receiving personal service of the summons and complaint." He argued the court lacked personal jurisdiction and that the judgment should be vacated due to excusable neglect. The trial court found that Bergerud had been personally served and had failed to satisfy any of the four elements necessary to vacate the judgment. Bergerud appeals from this determination.

### ISSUE

Did the trial court abuse its discretion in denying appellant's motion to vacate the default judgment?

### ANALYSIS

■ A default judgment may be entered against a party who fails to plead or otherwise defend within the time allowed by law. Minn.R.Civ.P. 55.01. A court may relieve a party from a default judgment for "mistake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02. A defaulting party seeking to set aside a default judgment must show a reasonable defense on the merits, a reasonable excuse for its failure or neglect to act, that it has acted with due diligence after notice of entry of judgment, and that no substantial prejudice will result to the opponent. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952). Trial courts applying this test to open default judgments further a liberal policy favoring the trial of causes on their merits. *Id.*

■ However, the right to be relieved of a default judgment is not absolute. *Howard v. Frondell*, 387 N.W.2d 205, 207 (Minn.Ct.App.1986) *pet. for rev. denied* (Minn. July 31, 1986). The decision to vacate a judgment is largely within the trial court's discretion and that decision will not be reversed on appeal absent a clear abuse of discretion. *Id.* at 207–08. Bergerud contends the trial court abused its discretion in denying his motion. He claims he has met the four elements required to vacate a default judgment.

■ Rule 22(a) of Part I of the Code of Rules for the District Court requires that a petition to open a default judgment must be accompanied by an affidavit of merits. Valley asserts that because Bergerud failed to submit an affidavit of merits, the trial court properly denied Bergerud's motion. However, the necessity for an affidavit may be waived where a valid defense is presented in the answer or elsewhere in the record. *Vrooman Floor Covering Inc. v. Dorsey*, 267 Minn. 318, 320, 126 N.W.2d 377, 379 (1964). Here, there exists ample evidence in the record to support Bergerud's claimed defense. If the defense is legally sufficient, the necessity for the rule 22(a) affidavit should be waived.

Bergerud claims that he has a reasonable defense on the merits in that he should not be liable for insurance premiums merely because he was a named insured. At no

time did Bergerud expressly undertake to be responsible for payment of the insurance premiums. He claims he never received any insurance policy, invoice or notice of the insurance whatsoever. Although Minnesota courts have not addressed this specific issue, other jurisdictions have held that a person named as an insured in a policy does not become liable for the premium due thereon by virtue of that fact alone. *Century Insurance Agency, Inc. v. City Commerce Corporation,* 396 P.2d 80, 81 (Alaska 1964); *Midland Insurance Co. v. Universal Technology, Inc.,* 199 Conn. 518, 523, 508 A.2d 427, 429 (1986); *Stevens Insurance, Inc. v. Howells,* 155 Mont. 494, 503–04, 473 P.2d 523, 528 (1970).

■ Valley admits that Bergerud may not have received the insurance policies but alleges that he was an officer of the corporate defendant Bergor properties, and therefore was put on notice of the policies. Bergerud produced a letter dated June 1, 1984 which announced his resignation from his officer positions of Bergor properties. The president of Bergor properties witnessed and accepted the letter. It appears that Bergerud has a reasonable defense if allowed to prove his case.

■ Bergerud claims he satisfied the factor requiring due diligence because upon receiving notice of the default judgment he immediately retained counsel. The motion papers for the motion to vacate were served and filed within six days of receiving notice of the judgment. Valley does not contest the relevant dates. Bergerud satisfied this factor.

■ Bergerud also claims that Valley will suffer no substantial prejudice if the judgment is vacated. It is true that some prejudice is inherent in every delay. *Vrooman,* 267 Minn. at 320, 126 N.W.2d at 378. However, Valley cannot cite any prejudice other than the added expense incurred by reason of the default proceedings and defense of Bergerud's motion. Additionally, the action against the other defendants is still pending and Bergerud has offered to file a bond to fully protect Valley's interests.

Finally, Bergerud claims he believed that settlement negotiations extended his time to answer and that Valley had expressly waived demand for a written answer. Thus, he claims he had a reasonable excuse for failing to answer. A letter from Valley's counsel dated April 4, 1986 stated:

As I indicated to Mr. Cook, I was much more interested in a payment schedule than in obtaining a formal written answer.

Bergerud was served on May 19, 1986 and Valley's counsel sent another letter to Bergerud's counsel on July 14, 1986. In this letter, counsel stated:

Please advise if you are representing Howard Bergerud with regard to the claim of my client, First Insurance, against him for unpaid premiums. Mr. Bergerud was served with a Summons and Complaint in this matter on May 19, 1986. I look forward to hearing from you or any other attorney representing Mr. Bergerud.

It is difficult to believe that Bergerud or his attorney still thought that no answer was due after the July 14th letter. The letter clearly requested response from Bergerud's counsel. After no answer or response of any kind was received for the next three weeks, Valley applied to the court for a default judgment on August 6, 1986. Bergerud has a weak showing on the reasonable excuse factor.

■ Nevertheless, this court has required that the relative weakness of one factor should be balanced against a strong showing on the other three. *Guillaume & Associates, Inc. v. Don-John Co.,* 371 N.W.2d 15, 19 (Minn.Ct.App.1985). Bergerud has made a strong showing that he has a reasonable defense on the merits, has acted with due diligence after notice of the entry of judgment, and that no substantial prejudice will result to Valley. The strong showing on these three factors must be balanced against the relatively weak showing on the fourth factor. This court has twice reversed a trial court's denial of a

motion to vacate a default judgment where the defaulting party's weak excuse for failing to answer the lawsuit was outweighed by a strong showing on the three remaining factors. *Hill v. Tischer,* 385 N.W.2d 329 (Minn.Ct.App.1986); *Spicer v. Carefree Vacations, Inc.,* 379 N.W.2d 728 (Minn.Ct. App.1986); *see Gelco Corporation v. Crystal Leasing, Inc.,* 396 N.W.2d 672 (Minn. 1986). We find that Bergerud's weak showing on the reasonable excuse factor is outweighed by the other three factors, and thus he has met the four part *Hinz* test.

 Bergerud's final contention is that the trial court lacked personal jurisdiction due to lack of personal service. The process server had known Bergerud personally for ten years prior to the date of service and specifically recalls having served Bergerud. To counter this argument, Bergerud states in his affidavit that he "does not recall" being served with the summons and complaint. The trial court found that Bergerud had been served. Because of the great deference given to the trial court here, and Bergerud's thin argument, we affirm the trial court's conclusion that it had personal jurisdiction over Bergerud.

▇ Had the trial court ordered relief from the default judgment here, it could have conditioned such an order upon the payment of costs and disbursements. *Finden v. Klaas,* 268 Minn. 268, 272, 128 N.W.2d 748, 751 (1964); *See* Minn.R.Civ.P. 60.02. Furthermore, it is within a trial court's discretion to require a bond as a condition of relief from a default judgment. *Juhl v. Rose,* 366 N.W.2d 706 (Minn.Ct. App.1985). Although not a prerequisite to obtaining vacation of a default judgment, a bond is appropriate in this case, where Bergerud has volunteered to post one to alleviate any possible prejudice to his opponent. We vacate the default judgment but condition that vacation upon Bergerud's payment of $400 costs on appeal and posting of a bond in the amount of $15,000. On remand the trial court may in its discretion impose payment of costs, disbursements and reasonable attorney fees as an appro-

priate sanction it could have imposed had it granted Bergerud's motion.

## DECISION

The trial court properly ruled it had personal jurisdiction over Bergerud.

Although Bergerud has made a weak showing to establish a reasonable excuse for his failure to answer, this is outweighed by the strong showing on the other three *Hinz* factors. We reverse the trial court's decision and open the default judgment, conditioned upon Bergerud fulfilling the conditions imposed by this court and the trial court.

Reversed and remanded.