Kathy RIEMER, as parent and natural guardian of Debbie Riemer, Respondent,

v.

Francis ZAHN, Appellant.

No. C3–87–2025.

Court of Appeals of Minnesota.

March 15, 1988.

---

James P. Carey, Sieben, Grose, VonHoltum, McCoy & Carey, Ltd., Minneapolis, for respondent.

Michael Froelich, Minneapolis, for appellant.

Considered and decided by WOZNIAK, C.J., NORTON and FLEMING, JJ.,* without oral argument.

## OPINION

WOZNIAK, Chief Judge.

This is an appeal from an order denying appellant Francis Zahn's motion to vacate a default judgment. Zahn contends the trial court abused its discretion in refusing to vacate the default judgment pursuant to Minn.R.Civ.P. 60.02. We reverse and remand.

### FACTS

On December 24, 1985, Debbie Riemer was attacked by a dog as she left her aunt's residence. She sustained a laceration to the back of her left leg, which left a 1½ inch scar.

Appellant Francis Zahn is the registered owner of the property where the attack occurred. Riemer's aunt rents the upstairs portion of the duplex, while Susan Peterson rents the downstairs portion of the duplex. Early in the action, Zahn submitted an affidavit signed by Peterson which stated that she was the owner of the dog that attacked Riemer. However, the dog was licensed in the name of Zahn's son so Peterson could retain more than three animals in her household in violation of Minneapolis City Ordinances. The Riemers claimed that Zahn was the owner, and earlier had represented himself as owner of the dog.

Respondent Kathy Riemer, as parent and guardian of Debbie Riemer, initiated this action against Zahn. On June 23, 1986, the Riemers' attorney served Zahn with a summons and complaint. On July 16, 1986, Zahn replied by a letter which simply stated "I deny your allegations." The Riemers' attorney acknowledged receipt of Zahn's letter, and in additional correspondence informed him that the letter did not constitute an answer. The Riemers' attor-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ney suggested that Zahn forward the summons, complaint, and discovery papers to his homeowners' insurance carrier. The letter also advised Zahn that they would initiate default proceedings if they did not receive further response to the complaint or discovery.

Zahn subsequently obtained the services of an attorney, who on October 22, 1986, sent a letter to the Riemers' attorney in an attempt to settle the case. Enclosed with the letter was Peterson's affidavit stating Zahn was not the dog's owner. On December 17, 1986, the Riemers' attorney responded, claiming a fact question as to ownership of the dog still existed and that Zahn remained liable, not only because of his status as the dog's owner, but also because of his status as the property owner. Zahn's attorney was given 30 days to respond before scheduling of depositions and before a formal answer and discovery responses would be requested.

On January 16, 1987, Zahn's attorney informed all interested parties that he had withdrawn from representing Zahn. Thereafter, Zahn failed to either retain new counsel or contact the Riemers' attorney. Zahn states in his affidavit that he took no further action because he did not own the dog, and thus believed the Riemers could not obtain a judgment against him.

The default hearing took place on April 6, 1987, apparently without notification to Zahn. On June 9, 1987, pursuant to the trial court's order, default judgment was entered against Zahn in the amount of $15,148.19.

Zahn became aware of the default judgment in June of 1987, and retained his present attorney on July 7, 1987. His attorney immediately scheduled the August 26, 1987 motion to vacate the default judgment pursuant to Minn.R.Civ.P. 60.02.

The trial court denied Zahn's motion to vacate the default judgment. The trial court found that Zahn satisfied three of the four elements necessary to vacate the judgment: a reasonable defense on the merits, prompt action after notice of the entry of the judgment, and that no substantial prejudice would result to the Riemers. *See*

*Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952). However, the court ruled that satisfying three of the four factors failed to overcome his inexcusable neglect. In denying the motion to vacate the default judgment, the court found that the record demonstrated Zahn was aware of the seriousness of the case, the need to answer the correspondence from the Riemers' attorney, and the possibility a default judgment would be entered should he fail to respond.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion to vacate the default judgment?

## ANALYSIS

A default judgment may be entered against a party who fails to plead or otherwise defend within the time allowed by law. Minn.R.Civ.P. 55.01. A court may relieve a party from a default judgment for "[m]istake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02(1) and (6).

■ A defaulting party seeking to set aside a default judgment must show (1) a reasonable defense on the merits; (2) a reasonable excuse for the failure or neglect to act; (3) action with due diligence after notice of entry of judgment; and (4) that no substantial prejudice will result to the opponent. *Hinz* at 30, 53 N.W.2d at 455–56. Application of the *Hinz* test to open default judgments is favored to further the liberal policy of trying cases on their merits. *Id.*

However, the right to be relieved of a default judgment is not absolute. *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). The decision to vacate a default judgment largely rests within the trial court's discretion, and will not be reversed on appeal absent a clear abuse of discretion. *Id.*

Zahn contends the trial court abused its discretion in denying his motion to vacate the default judgment. He initially claims

that his excuse is reasonable. In the alternative, he stresses that a weak showing on one of the four *Hinz* factors may be overcome by a strong showing on the other three factors. *Guillaume & Associates, Inc. v. Don–John Co.*, 371 N.W.2d 15, 19 (Minn.Ct.App.1985). Because the trial court found that Zahn satisfied three of the four factors, he claims the court abused its discretion in denying his motion.

The trial court correctly noted that Zahn satisfied three of the four factors necessary to set aside a default judgment. Zahn's reasonable defense on the merits is the claim, supported by the affidavit of Peterson, that he does not own the dog involved in the incident. Secondly, Zahn acted with due diligence in obtaining an attorney on July 7, shortly after he was notified of the default judgment in June. His attorney immediately scheduled a motion to vacate the default judgment. Finally, vacating the default judgment should not significantly prejudice the Riemers. The record does not indicate that the evidence has been substantially affected or that witnesses now are unavailable. The only clear result is the delay and added expense, factors which do not equate substantial prejudice standing alone. *Finden v. Klaas*, 268 Minn. 268, 272, 128 N.W.2d 748, 751 (1964). The prejudice resulting from delay may be remedied by requiring as a condition to vacate the judgment that the defendant pay costs and disbursements. *Id.*

However, the court found Zahn had no reasonable excuse for failing to respond to the Riemers. The court found Zahn's neglect, despite knowledge of the procedures and action against him, was insufficient to overcome the other three factors.

This court frequently has reversed the denial of a motion to vacate a default judgment where the defaulting party's weak excuse for failing to answer the lawsuit was outweighed by a strong showing on the three remaining factors. *Valley View, Inc. v. Schutte*, 399 N.W.2d 182, 185–86 (Minn.Ct.App.1987); *Hill v. Tischer*, 385 N.W.2d 329, 332 (Minn.Ct.App.1986); *Spicer v. Carefree Vacations, Inc.*, 379 N.W.2d 728, 730 (Minn.Ct.App.1986); *see also Taylor v. Steinke*, 295 Minn. 244, 246, 203 N.W.2d 859, 860 (1973). In *Spicer*, the weak excuse was the party's failure to realize the significance of the legal documents. *Spicer* at 730. This court nonetheless found the trial court erred in considering only the "weak" excuse as a factor in denying the motion. *Id.* In *Hill*, the inadequate excuse was forgetfulness, but this court found the trial court abused its discretion when it failed to balance all the factors as in *Guillaume*. *Hill* at 332.

The Minnesota Supreme Court recently has examined all the *Hinz* factors rather than focus upon one as justification for a denial of a motion to vacate a default judgment. *Hearne v. Waddell*, 341 N.W.2d 876 (Minn.1984). In *Hearne*, the court ruled that the trial court abused its discretion in failing to grant a motion to vacate a default judgment despite the trial court's finding of a "weak" excuse. *Id.* at 877. The court noted that the trial court found a reasonable defense on the merits, ruled there was no substantial prejudice, and followed the favored policy of obtaining a judgment on the merits. *Id.*

Recent case law thus favors a balancing of all the factors set out in *Hinz*. Balancing is particularly favored in cases such as this where the weakest of the four factors is the party's excuse for failing to answer. Given the strong policy favoring trying all cases on their merits and the trial court's finding that Zahn satisfied three of the four *Hinz* factors, we find the case should be reversed and remanded for a determination on the merits.

In addition, under Minn.R.Civ.P. 60.-02(6), a judgment may be opened for "any other reason justifying relief." *See Hill* at 332. The default judgment entered against Zahn exceeded $15,000. From the record, it appears Riemer's only physical injury was a thigh laceration, which left a 1½ inch scar. A remand for a determination on the merits under Minn.R.Civ.P. 60.02(6) thus is further justified because of the uncontested default hearing, the minor nature of the injury, the significant amount of the judg-

ment, and the remaining question as to dog ownership.

On remand, we direct the trial court to award respondent reasonable attorney fees and costs and disbursements related to the default proceedings. Appellant is entitled to taxation of costs and disbursements incurred on this appeal.

## DECISION

The trial court abused its discretion in failing to vacate the default judgment.

Reversed and remanded.