*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1434**

Steven Charles Lind,
Appellant,

vs.

William Guenther,
Respondent.

**Filed March 16, 2015
Affirmed
Schellhas, Judge**

Isanti County District Court
File No. 30-CV-14-84

Steven Charles Lind, Isanti, Minnesota (pro se appellant)

D. Sherwood McKinnis, Lindberg & McKinnis, P.A., Cambridge, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Schellhas, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges the district court's denial of his motion for default judgment and grant of respondent's motion to dismiss under Minn. R. Civ. P. 12.02(e). We affirm.

**D E C I S I O N**

Appellant Steven Charles Lind contends that respondent William Guenther, who is the Isanti County Sheriff, improperly conducted a sheriff's sale of Lind's real property after Lind's alleged failure to pay property taxes. Lind argues that Guenther acted outside of his jurisdiction because the property is not in the County of Isanti, the State of Minnesota, or the United States. Lind maintains that the property is located instead "within the borders of Isanti County" and in "Minnesota a state of the United States of America."

Guenther was served with Lind's summons and complaint in January 2014. In April, Guenther moved for dismissal of the complaint under Minn. R. Civ. P. 12.02(e) for failure to state a claim upon which relief can be granted. Lind then moved for default judgment based on Guenther's failure to timely respond to the complaint. The district court denied Lind's motion for default judgment and granted Guenther's motion to dismiss. Lind appeals.

*Lind's Default-Judgment Motion*

A "[d]efendant shall serve an answer within 20 days after service of the summons upon that defendant." Minn. R. Civ. P. 12.01; *see also* Minn. R. Civ. P. 12.02 (providing that certain motions, including a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, "shall be made before pleading if a further pleading is permitted"). "A trial court's action permitting a party to serve or file a pleading after expiration of a time limit is discretionary and will not be reversed unless the discretion

2

has been abused." *Coller v. Guardian Angels Roman Catholic Church*, 294 N.W.2d 712, 715 (Minn. 1980).

> [D]enial of a motion for a default judgment is proper when four requirements are met: defendant has a reasonable defense on the merits; defendant has a reasonable excuse for his failure to answer; defendant acted with due diligence after [notice of the failure to answer]; and no substantial prejudice will result to other parties.

*Id.* "[T]he relative weakness of one factor should be balanced against the strong showing on the other three factors." *Guillaume & Assocs., Inc. v. Don-John Co.*, 371 N.W.2d 15, 19 (Minn. App. 1985).

Here, the district court found that the administrative error by the Isanti County Sheriff's Office that led to the delay in forwarding the complaint to the Isanti County Attorney's Office was not a reasonable excuse for Guenther's failure to timely respond to the complaint. *See Thayer v. Am. Fin. Advisers, Inc.*, 322 N.W.2d 599, 602 (Minn. 1982) ("Neglect of the parties themselves that leads to entry of default judgment is inexcusable neglect . . . ."), *abrogated on other grounds by Onvoy, Inc. v. Shal, LLC*, 669 N.W.2d 344, 351 (Minn. 2003). But a weak showing on the reasonable-excuse factor can be outweighed by a strong showing on the other three factors. *Riemer v. Zahn*, 420 N.W.2d 659, 662 (Minn. App. 1988) (stating that caselaw "favors a balancing of all the factors" and that "[b]alancing is particularly favored in cases such as this where the weakest of the four factors is the party's excuse for failing to answer").

Although the district court found that Guenther did not have a reasonable excuse for failing to provide a timely response to the complaint, it found that the remaining three

factors weighed in Guenther's favor. Guenther filed his dismissal motion soon after becoming aware of the complaint and the administrative error in his office that led to the delay in forwarding the complaint to the county attorney's office. The district court's finding that Guenther acted with due diligence after becoming aware of his failure to answer is reasonable. And Guenther has a reasonable defense on the merits because Lind's complaint fails to state a claim upon which relief can be granted, as discussed below. Lind has not identified, nor does the record reflect, any prejudice to him due to the delay in the litigation. Courts of this state prefer resolution of litigation on the merits rather than judgment by default. *See, e.g.*, *Taylor v. Steinke*, 295 Minn. 244, 246, 203 N.W.2d 859, 860 (1973) ("[I]t must be remembered that the goal of all litigation is to bring about judgments after trials on the merits and for this reason courts should be liberal in opening default judgments." (quotation omitted)); *Black v. Rimmer*, 700 N.W.2d 521, 529 (Minn. App. 2005) ("Courts should liberally apply the[] factors to further the policy of resolving cases on their merits."), *review dismissed* (Minn. Sept. 28, 2005). We conclude that the district court did not abuse its discretion by denying Lind's motion for a default judgment.

### Guenther's Motion to Dismiss

"A pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Minn. R. Civ. P. 8.01. A pleading may be dismissed for "failure to state a claim upon which relief can be granted." Minn. R. Civ. P. 12.02(e). Whether a complaint sets forth a legally sufficient claim for relief is reviewed de novo, and the reviewing court must "accept the facts

4

alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014).

"A claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Id.* at 603; *see also N. States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963) (stating that "a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded"). A county treasurer may direct a county sheriff to sell real or personal property for the payment of delinquent taxes. Minn. Stat. § 277.21, subd. 13 (2014). Lind claims that Guenther acted outside of his jurisdiction by conducting a sheriff's sale of Lind's real property. Lind contends that the real property is not in the County of Isanti while at the same time admitting that the real property is located "within the borders of Isanti County." Because no facts or evidence can be produced, consistent with Lind's theory, to support a grant of the monetary relief he seeks, the district court did not err by granting Guenther's motion to dismiss.

**Affirmed.**