## STELLA A. RANDALL v. MARTIN RANDALL.[1]

May 12, 1916.

Nos.19,859—(57).

**Vacating default judgment.**

> In an application for relief from a default judgment the excuse offered by defendant for his failure to appear at the trial of the action, *held* insufficient to justify vacating the judgment.

Action in the municipal court of St. Paul to recover $109.50. From an order, Boerner, J., granting defendant's motion to vacate the judgment entered by default and granting defendant the right to a trial on the merits, plaintiff appealed. Reversed.

*William G. White,* for appellant.

*Harry A. Hagerman* and *T. D. Sheehan,* for respondent.

BROWN, C. J.

This action was brought in the municipal court of St. Paul to recover the sum of $109.50. Defendant appeared and interposed an answer to the complaint, and the cause was set for trial before the court without a jury on June 30, 1915. Defendant failed to appear at the trial, plaintiff submitted her evidence, and on July 19, 1915, the court made its findings ordering judgment in her favor for the amount claimed with costs. Notice of taxation of costs was duly given, and judgment

[1]Reported in 157 N. W. 903.

---

Note.—On whether neglect of counsel is to be imputed to party under a statute providing for relief from judgment for mistake, inadvertence, surprise or excusable neglect see note in 27 L.R.A.(N.S.) 858.

was formally rendered and entered on July 30. On the same day a transcript of the judgment was filed in the office of the district court and an execution was issued thereon from that court. On August 6, 1915, defendant procured a stay of execution by filing a bond as provided for by section 7950, G. S. 1913, upon the filing of which the district court ordered such stay for the period of six months. Thereafter, on August 11, defendant applied to the municipal court for an order vacating the judgment and for leave to defend on the ground of excusable neglect in not appearing at the trial on June 30. After hearing the parties the court granted the motion and plaintiff appealed.

We understand from the record that the parties to the action were formerly husband and wife; plaintiff is referred to in some of the affidavits as defendant's former wife. The money sought to be recovered in the action was a part of an inheritance or legacy to plaintiff from a relative. It came to her in the form of a bank check. She indorsed the check and gave it to defendant to cash. She now claims that defendant never paid over to her the money, but kept and converted the same to his own use. Defendant admits in his answer that plaintiff gave him the check to cash, and he alleges that, upon receiving the money thereon, he paid the same over to plaintiff. Whether he paid the money over to his wife, or converted it to his own use presents the only issue in the case, as made by the pleadings. Plaintiff resides in Seattle, Washington, and defendant resides in St. Paul, within the jurisdiction of the court in which the action was brought. After the judgment was ordered in her favor by the municipal court, plaintiff returned to her home in Seattle. In view of the issue presented plaintiff should be present at the trial of the action, and if a new trial is to be had, it is quite clear that the amount involved will not justify the expense of coming from her home to attend the same. Defendant was given an opportunity to present his defense and failed to do so. His affidavit discloses that he employed an attorney to defend him, and it discloses also on defendant's part an inexcusable indifference to the case, for he therein states that after so employing the attorney, he had no further notice of any subsequent proceeding in the action; he did not know, was not informed that issue had been joined therein; he did not know that the cause had been set for trial; that his attorney never notified

him of the steps taken in the case, and that he was wholly ignorant thereof until informed of the judgment. Yet he resided within the city, and within a short distance of his attorney's office, he knew that the action was pending against him, yet he made no inquiry of the attorney as to its progress, and now contents himself with the statement that the attorney knew of his place of business and could have readily communicated with him, but failed to do so.

We think on the facts stated the motion should have been denied. Defendant made no effort to keep in touch with the action; made no inquiry of his attorney in reference to the same, and his sole excuse now is that the attorney was negligent in not keeping him advised in the matter. This might be a reasonable excuse if defendant resided beyond the state or some distance from the residence of his attorney, in which case he would be justified in relying to some extent at least upon the attorney to keep him informed of the progress of the action and the time of trial. But such is not the case, defendant was in close touch with his attorney, and the affidavits wholly fail to excuse his failure to learn and ascertain the progress of his case and the time set for the trial thereof. For this failure we think the showing insufficient. Merritt v. Putnam, 7 Minn. 399 (493).

Order reversed.