FELIX SLATOSKI v. IGNAT JENDRO.[1]

October 27, 1916.

Nos. 19,984—(79).

**Vacating default — discretion of court.**

> Courts exercise liberality in relieving parties from default, to the end that causes may be determined on their merits. But the right to be relieved from default is not absolute. The matter rests largely in the discretion of the trial court. In this case an order refusing to open an order for judgment given against defendants upon a trial at which they

[1]Reported in 159 N. W. 752.

did not appear is *held* not an abuse of discretion, since inexcusable neglect of counsel clearly appeared, and there is a question as to the diligence of defendants and the merits of the defense.

Action in the municipal court of St. Paul to recover $350 for assault and battery. The case was tried before Boerner, J., who in the absence of defendant and his attorney made findings and ordered judgment for $107.95 in favor of plaintiff. Defendant's motion to vacate the findings and for leave to file the answer which had been served on plaintiff and to defend the action was denied. Defendant's motion for permission to reargue his motion was denied. From the order denying the latter motion, defendant appealed. Affirmed.

*M. C. O'Donnell* and *Hymen Z. Mendow,* for appellant.
*Charles A. Lethert,* for respondent.

HALLAM, J.
Plaintiff sued defendants for damages for assault and battery. The answer was a general denial. Plaintiff noticed the case for trial at a term of court commencing April 20, 1915. The case was set for trial on June 11. Repeated continuances were had at the request of defendants, and at some inconvenience to plaintiff, until finally, on June 15, the case was set for trial for October 13. Defendants had two attorneys. One of them unquestionably had full knowledge of the date set for the trial. He was in frequent communication with defendants. On October 13, neither the defendants nor either of their attorneys appeared. Plaintiff proved up his case and the court ordered judgment in his favor for $107.95. In November, defendants changed attorneys and made application to the court to reopen the case. On December 17, 1915, the court denied the motion. No appeal was taken from this order. On January 25, 1916, defendants made a second application to reopen the case. The court again denied the motion, and an appeal was taken from the second order. On the second, but not on the first, application, the attorney who had been conducting the case claimed to have been taken sick two or three days before the trial. No preparation for the trial had been made. The other attorney paid no attention to the case.

The court might easily find inexcusable neglect on the part of one or

both attorneys. It might also find indifference on the part of defendants. The merit of the defense interposed is doubtful. Defendant Ignat Jendro had been convicted of criminal assault and battery by reason of this same affray. Plaintiff resides some distance from the place of trial. He has already been obliged to marshal his witnesses twice for trial. Another trial would entail some hardship.

Courts should be liberal in relieving a defendant of default, if reasonable excuse is shown and he appears to have a meritorious defense, to the end that cases may be determined on their merits. But the right to be relieved from a default is not absolute. The matter rests largely in the discretion of the trial court. If that discretion is not abused the trial court's order will not be reversed. There was no abuse of discretion in this case. See Randall v. Randall, 133 Minn. 63, 157 N. W. 903.

Order affirmed.