## STATE v. THERON S. CASTNER AND ANOTHER, *d. b. a.* C. & S. TOOL COMPANY.[1]

June 18, 1948.

No. 34,664.

*Oscar G. Haugland,* for appellants.

*Michael J. Dillon,* County Attorney, and *Edward J. Shannon,* Assistant County Attorney, for the State.

LORING, CHIEF JUSTICE.

This is an appeal from an order denying a motion to open a judgment entered against defendants and for leave to interpose an answer in a proceeding to enforce the collection of delinquent personal property taxes for the last half of the year 1946, and from the judgment.

Defendants, Castner and Sadler, doing business as partners as the C. & S. Tool Company until April 1946, owned personal property which was located at their place of business, 695 Lowry avenue northeast, Minneapolis. In support of their motion, defendants asserted that in April 1946 they "sold and conveyed" all personal property of the partnership to Almco, Incorporated. This corporation succeeded to the business of the partnership, operated at the same address for a short time, and thereafter moved to Albert Lea, Minnesota. Defendants contend that on May 1, 1946, all the property here involved was owned by the corporation. However, on July 26, 1946, Sadler made and delivered to the proper assessor, as required by M. S. A. 273.25, a verified list stating that this personal property was owned by defendants as partners.

A tax was accordingly assessed on the property in the name of defendants as partners. Notices were sent to defendants at the address on Lowry avenue. They were received by the corporation, which had left a forwarding address. The first half of the tax was paid by the corporation, which had agreed to indemnify the partnership against all claims, specifically including taxes. The second half was not paid, the corporation having been adjudicated a bank-

rupt. Consequently, the names of defendants, as partners, were placed on the tax list. Payment not having been made, judgment by default was entered against them. This is the judgment here involved.

Defendants contend that they received no notice of assessment of the tax and no notice of any of the proceedings for judgment, and that hence they did not interpose an answer. They assert that when they first learned of the judgment they moved to set it aside and for leave to interpose an answer. The lower court denied the motion. Defendants assign this as error, asserting that payment of the first half of the tax by the corporation, under its agreement with the partners, did not constitute an admission of liability by them under M. S. A. 277.02[2]; that Sadler could not bind his partner, Castner; that Castner did not sign the verified tax list; and, finally, that denial of the opportunity to be heard and to present proof of circumstances surrounding the execution of the verified list is violative of due process of law.

1. Defendants' motion was in fact a motion to open the judgment and was addressed to the discretion of the trial court. Whipple v. Mahler, 215 Minn. 578, 10 N. W. (2d) 771. In such a situation, the proposed answer must contain a meritorious defense. In Slatoski v. Jendro, 134 Minn. 328, 330, 159 N. W. 752, this court said:

"Courts should be liberal in relieving a defendant of default, if reasonable excuse is shown and he appears to have a meritorious defense, to the end that cases may be determined on their merits. But the right to be relieved from a default is not absolute. The matter rests largely in the discretion of the trial court. If that discretion is not abused the trial court's order will not be reversed."

On the basis of the list verified by Sadler July 26, 1946, in which there is a statement that the property involved was "property * * * belonging to" defendants on the first day of May 1946, coupled with

---

[2]§ 277.02 provides in part: "* * * The payment of the first half of such tax shall be deemed an admission of the validity of such tax, a waiver of notice and consent to the entry of judgment for the amount thereof, together with interest and penalty."

the agreement between the partners and the corporation, in which the corporation undertook to indemnify the partners against all claims, including taxes, relating to the property conveyed, together with the actual payment by the corporation of the first half of the taxes in fulfillment of and under authority of its agreement, we cannot say that the lower court abused its discretion. The inference that the corporation was acting as the agent of both Sadler and Castner under their indemnification agreement is justifiable.

2. Much of defendants' argument is directed to the contention of lack of due process of law and a denial of a fair hearing. The verified list which Sadler, as a partner, made and delivered to the assessor, as required by M. S. A. 273.22 and 273.25, is the same statement which every taxpayer is required to make and deliver, and the hearing allowed under M. S. A. 274.01 to an aggrieved taxpayer was available to defendants. Hence there was no denial of due process. On this record we see no abuse of discretion or lack of due process.

Order and judgment affirmed.

