HELEN CAROLINE KOSLOSKI, TRUSTEE FOR
THE HEIRS OF VEONA V. ERICKSON,
v. KENNETH EARL JONES.

203 N. W. 2d 401.

January 5, 1973—No. 43533.

*David A. Ranheim* and *Douglas D. McFarland,* for appellant.
*Sorensen & Sorensen* and *Donald J. Sorensen,* for respondent.

Heard before Knutson, C. J., and Peterson, Murphy, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.*

Defendant moved the district court to reopen a default judgment and for leave to serve and file an answer. He contends that he should be relieved of a default judgment resulting from the neglect of his attorney. The motion was denied by the district court, and this appeal followed. We affirm the order of the trial court.

On January 16, 1968, defendant, Kenneth Earl Jones, while driving easterly on University Avenue in Minneapolis, struck and killed Veona V. Erickson, a pedestrian who was attempting to cross University Avenue at or near its intersection with Arthur Avenue Southeast. Helen Caroline Kosloski, having been appointed trustee for the heirs of Mrs. Erickson, commenced an action for death by wrongful act. Jones was served with summons and complaint on March 13, 1968, and contacted an attorney, not the same counsel who takes this appeal, who agreed to handle the case without fee.

Over the next several months, the attorney for defendant was served with a note of issue, a notice of entry of default, dated October 23, 1970, and a notice of motion for entry of default judgment, dated December 17, 1970. Plaintiff's counsel con-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

tacted defendant's lawyer on numerous occasions asking for an answer to the complaint. No answer was ever served or filed, and defendant's attorney stated to plaintiff's counsel on January 8, 1970, that if an answer was not interposed on or before January 15, 1970, plaintiff could proceed with the action as a default against Mr. Jones.

Findings of fact, conclusions of law, and an order for judgment in the amount of $35,000 against defendant were filed on May 17, 1971, and served upon defendant on or about that date. Judgment was entered May 24, 1971. Apparently defendant and his counsel both attempted to contact each other without success, except that on one occasion in 1970 defendant claims his attorney told him by telephone that the case would be coming to trial shortly.

After service on him of the order for judgment, defendant again attempted to contact his lawyer without success. Eventually, he secured the services of other counsel and moved to reopen, which motion was heard on October 14, 1971, and was denied.

The issue is whether or not the trial court properly denied the motion to vacate the judgment where the contention is that defendant's attorney was guilty of neglect.

The motion to reopen was made pursuant to Rule 60.02, Rules of Civil Procedure, which provides in part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment."

This court has repeatedly said that in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the court should relieve a defendant from the consequences of his attor-

ney's neglect in those cases where defendant (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) shows that no substantial prejudice will result to the other party. Finden v. Klaas, 268 Minn. 268, 128 N. W. 2d 748 (1964) ; Johnson v. Nelson, 265 Minn. 71, 120 N. W. 2d 333 (1963) ; Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 53 N. W. 2d 454 (1952).

The right to be relieved of a default judgment is not absolute. Whether the judgment should be opened is a matter largely within the discretion of the trial court, and that court's decision will not be reversed unless such discretion is abused. Slatoski v. Jendro, 134 Minn. 328, 159 N. W. 752 (1916) ; Randall v. Randall, 133 Minn. 63, 157 N. W. 903 (1916).

In this case, the trial court found that defendant was personally guilty of inexcusable neglect; that he failed to show that he had a good, substantial, and meritorious defense on the merits; and that the plaintiff would be subjected to substantial prejudice if the vacation were permitted. Thus, the trial court concluded that defendant did not meet three of the four criteria laid down in Finden v. Klaas, *supra*, for relieving a defendant of the consequences of excusable neglect.

Our careful examination of the record shows that it supports the trial court's findings and compels the conclusion that the trial court did not abuse its discretion. Its order must be affirmed.

Affirmed.