Richard HAVEMEIER, Appellant,

v.

KARLSTAD EQUIPMENT & FARMS,
et al., Northland Farms, a
Partnership, Defendants,

and the following individuals as individuals and as partners in the above partnership, Emmett B. Erpelding, Karen L. Erpelding, Maynard G. Mogler, Bernadette Mogler, Billy L. Messner, Marilyn M. Messner, The Estate of Dennis Messner and Carol Ann Messner, individually and as Personal Representative of the estate of Dennis Messner, Gerald E. Dannheim, et al., Respondents.

No. C1–86–1994.

Court of Appeals of Minnesota.

June 2, 1987.
Review Denied July 22, 1987.

Martin Berg, Roseau, for Richard Havemeier.

Emmett B. Erpelding, pro se.

Karen L. Erpelding, pro se.

Maynard G. Mogler, pro se.

Bernadette Mogler, pro se.

Billy L. Messner, pro se.

Marilyn M. Messner, pro se.

Thomas G. McCarthy, McCarthy & Schauer, Winthrop, for Estate of Dennis Messner and Carol Ann Messner.

Robert M. Halvorson, Gislason, Dosland, Hunter & Malecki, New Ulm, for Gerald E. Dannheim, et al.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order and judgment granting summary judgment and vacating another judgment. We affirm.

## FACTS

In February 1981, appellant Richard Havemeier was hired to manage a partnership's farming operations. In August 1982 Havemeier sued the alleged partners and their wives for salary under a purported management agreement. Joint and several answers were served on behalf of all of the defendants.

No further action was taken until March 1986 when Havemeier filed a motion to compel answers to interrogatories. Answers were served on Havemeier's attorney by mail on the morning of May 12, 1986,[1] the date set for hearing of Havemeier's motion, but were not filed with the court. None of the defendants or their representatives appeared at the hearing. On June 10, 1986, the court ordered the defendants to answer Havemeier's interrogatories within ten days or "be subject to further sanctions by the Court, including striking their answer and the entry of judgment against them." The order was mailed to each of the named defendants on June 11. Only one defendant responded to the court's order.

On July 7, 1986, Havemeier filed a motion requesting the court to impose sanctions under Minn.R.Civ.P. 37.02(2). Although the defendants were notified of the motion and the July 14 hearing date, none appeared either in person or by counsel. However, Carol Messner's attorney had filed answers and a subsequent letter seeking leave to amend those answers. Messner stated by affidavit that her husband had been a partner in partnerships, but that she had never been a partner herself and had taken no active role in the partnerships. She also stated that her husband had died in 1982 and that his estate had been fully administered, was insolvent, and had been closed. She stated that Havemeier's claim was considered in the estate proceedings, that there were insufficient assets to pay Havemeier's claim, and that she had been discharged as personal representative of the estate. Messner moved the court for an order dismissing the suit against her because she was not a partner and because she believed Havemeier had either dropped the suit against the partners or otherwise had resolved his claims against them. She also moved the court for summary judgment.

The court granted Messner's motion allowing her to amend her answer but continued the hearing on her summary judgment motion. The court ordered the answers of all nonresponding defendants stricken and directed entry of judgment against those parties. A judgment in the sum of $206,585.75 was entered on July 25, 1986.

---

1. It appeared at oral argument that Havemeier's attorney was aware after returning to his office following the hearing that answers to interrogatories had been received by his office, although they were not yet filed with the district court. His failure to advise the court was, charitably, inexcusable neglect.

Six other defendants then asked the court to vacate the July 25 judgment against them on the grounds that they had terminated their association with the partnership prior to the date of Havemeier's employment, and on the grounds that certain of the defendants were spouses of the alleged partners and had not participated in their husbands' partnership. By order dated September 30, 1986, the court vacated the judgment against the seven defendants because they had reasonable defenses on the merits, there were reasonable excuses for their failure to answer, and because they acted with reasonable diligence after learning of the judgment entered against them. The court granted summary judgment in favor of Messner because she had sufficiently established she was not involved in the partnership and that her husband's estate had been closed, and because Havemeier had offered nothing to support his claim against Messner. Havemeier appeals.

### ISSUES

1. Did the trial court err by entering summary judgment in favor of Carol Messner?

2. Did the district court err by vacating its prior judgment when that judgment was entered as a permissible sanction under Minn.R.Civ.P. 37?

### ANALYSIS

Summary judgment may be granted only if

the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that [the movant] is entitled to judgment as a matter of law.

*Sauter v. Sauter*, 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955) (footnote omitted). On appeal, the evidence must be viewed in a light most favorable to the nonmoving party. *Id.*

#### 1. Summary Judgment

■ Havemeier's affidavit alleges that Messner was present at certain meetings of the partners and that she "appeared to be acting with the other members of the partnership as a partner." Aside from these allegations, there is no other evidence in the record suggesting Messner was a partner. The record contains a 1979 document evidencing some initial land purchases which included the signatures of Messner and the other spouses of the partners. However, the record indicates the mortgagee required the partners' spouses to sign the document as a precondition to the mortgage.

The record supports summary judgment for Messner. Messner's affidavit clearly indicated she was not a partner and did not directly or indirectly participate in any partnership activities.

■ Messner's affidavit statements that the estate was fully administered and insolvent and that she was discharged as personal representative of the estate were not controverted.

When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Minn.R.Civ.P. 56.05. *See Moundsview Independent School District No. 621 v. Buetow & Associates, Inc.*, 253 N.W.2d 836, 838–39 (Minn.1977) (summary judgment was appropriate when the complaint and answers to interrogatories contained only general statements). Summary judgment also was appropriate with respect to Messner's liability as an individual and as personal representative of her husband's estate.

#### 2. Vacated Judgment

A judgment may be vacated under Rule 60.02 when a defendant

(a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d)

shows that no substantial prejudice will result to the other party.

*Kosloski v. Jones,* 295 Minn. 177, 179–80, 203 N.W.2d 401, 403 (1973).

Entry of default judgment in this case was based upon the failure of seven of the defendants to answer interrogatories and appear at hearings. The defendants thought other partners or their attorney were attending to the litigation. Whether the parties' decisions not to answer or appear in court were prudent choices or constitute culpable negligence under the circumstances is a determination for the district court's discretion. *See Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 53 N.W.2d 454 (1952); *Hasara v. Swaney,* 161 Minn. 94, 200 N.W. 847 (1924).

The district court vacated its judgment against these seven defendants because the court concluded the defendants not only had reasonable defenses on the merits, but that there were reasonable excuses for their failure to answer and that the parties acted diligently once they learned of the entry of judgment against them. Each of the defendants appears to have a reasonable defense on the merits. Six defendants apparently were not actual partners in the partnership, or their partnership and real estate interests were terminated before the partnership entered into the management agreement with Havemeier in February 1981. Each of the seven defendants has a colorable excuse for failing or neglecting to answer interrogatories or appear at hearings and each responded within a reasonable time after the court's order.

Finally, we do not believe Havemeier will be substantially prejudiced by the court's order vacating judgment against these defendants, in part because the record indicates Havemeier's attorney was aware of some defenses as early as 1982 but also because the district court's order only vacates a default judgment. The defendants still must defend their claims on the merits at trial and the court has required certain defendants to post bond in Havemeier's favor pending trial on the merits.

The decision to vacate a judgment "is a matter largely within the discretion of the trial court" which "will not be reversed unless such discretion is abused." *Kosloski,* 295 Minn. at 180, 203 N.W.2d at 403. We conclude that discretion was properly exercised under these facts.

### DECISION

The district court did not err by granting summary judgment in favor of Carol Messner. Appellant did not support his general allegations with specific facts showing Carol Messner actually was involved in the farm partnership. The district court did not abuse its discretion by vacating its October 20 judgment against the seven defendants.

Affirmed.