Joel JOHNSON, et al., Respondents,

v.

CITY OF DULUTH, Appellant.

A17-0275

Court of Appeals of Minnesota.

Filed October 9, 2017

Seth Leventhal, Leventhal PLLC, Minneapolis, Minnesota; and Jerome D. Feriancek, Thibodeau, Johnson & Feriancek, PLLP, Duluth, Minnesota (for respondents).

Gunnar B. Johnson, Duluth City Attorney, M. Alison Lutterman, Assistant City Attorney, Nathan N. LaCoursiere, Assistant City Attorney, Steven B. Hanke, Assistant City Attorney, Duluth, Minnesota (for appellant).

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Connolly, Judge.

## OPINION

ROSS, Judge

Joel Johnson bought land on Park Point in Duluth intending to construct a harborview hotel. Eventually foiled by zoning restrictions, Johnson commenced an inverse-condemnation action by serving the city with a summons and complaint in November 2013, but he did not file his complaint in the district court until nearly three years later. The district court applied Minnesota Rule of Civil Procedure 5.04(a) and dismissed Johnson's complaint with prejudice for failing to meet the one-year *complaint*-filing deadline. The district court soon granted Johnson's motion for relief from the dismissal under rule 60.02, however, allowing the action to proceed. The city argues on appeal that the district court should have denied Johnson's rule-60.02 motion as failing that rule's one-year *motion*-filing deadline. Building on the supreme court's holding that a rule-5.04(a) dismissal with prejudice is a "proceeding" from which a party may seek relief under rule 60.02, we reverse because Johnson's motion for relief from the dismissal missed the one-year rule-60.02 motion-filing deadline.

## FACTS

Joel Johnson bought land on Duluth's Park Point then tried unsuccessfully to secure the city's approval of his harborview hotel-construction project. He commenced an inverse-condemnation action by serving the city with a summons and complaint on November 13, 2013. The city timely served Johnson with its answer on December 3. Johnson did not file his complaint in the district court.

About a year and a half passed, and Johnson learned from an article in the *Duluth News Tribune* on March 6, 2015, that the city believed his suit had been dismissed with prejudice because he failed to file his complaint in the district court within one year of serving it on the city. Johnson contacted his attorney, who assured him that all was well. Johnson later had difficulty reaching his attorney, whom Johnson eventually replaced.

About a year and a half after Johnson read the newspaper article (and almost three years after he served the city with his complaint), on September 14, 2016, he filed the complaint in the district court. During a scheduling conference, the city's attorney asserted to the district court that, on November 13, 2014, the action was automatically dismissed with prejudice by operation of Minnesota Rule of Civil Proce-

dure 5.04(a), because Johnson had failed to file the complaint in the district court within one year after serving it on the city. The district court agreed that the rule terminated the action, and on October 7, 2016, it filed a written order dismissing the case with prejudice.

Eleven days after the district court's dismissal order, Johnson filed a rule-60.02 motion requesting relief from that order. He based the motion on his former attorney's negligence, which he said caused him to miss the rule-5.04(a) one-year complaint-filing deadline. The district court granted Johnson's motion over the city's objection. It reasoned that rule 60.02 addresses relief from a judgment and that an automatic dismissal under the one-year complaint-filing requirement of rule 5.04(a) is not a judgment. It determined that the automatic dismissal therefore did not trigger the rule-60.02 one-year motion-filing period, which, it held, "can begin only by a judicial act of entry [of a judgment]."

The city appeals.

## ISSUE

Is an automatic dismissal under the "deemed dismissed" provision of rule 5.04(a) a "proceeding ... taken" under rule 60.02 so as to trigger rule 60.02's one-year motion-filing period?

## ANALYSIS

The city challenges the district court's decision granting Johnson's rule-60.02 motion. The district court generally has broad discretion whether to grant a rule-60.02 motion. *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). But the city questions the district court's holding that rule 60.02's one-year motion-filing period begins only after the court files a judgment dismissing an action that has been "deemed dismissed" by operation of the complaint-filing deadline of rule

5.04(a). The argument requires us to interpret the procedural rules, and we review de novo the district court's interpretation. *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393 (Minn. 2003).

Both parties frame the timeliness issue as affecting the district court's subject matter jurisdiction. This framing is incorrect. "Subject matter jurisdiction is a court's 'statutory or constitutional *power* to adjudicate the case.'" *Giersdorf v. A & M Constr., Inc.*, 820 N.W.2d 16, 20 (Minn. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). By contrast, timeliness requirements are "procedural tools" that do not divest a district court of jurisdiction. *See In re Civil Commitment of Giem*, 742 N.W.2d 422, 427 (Minn. 2007) (reasoning that "there is a fundamental difference between finding that a deadline is mandatory and concluding that it operates to take away the district court's authority to act"); *Rubey v. Vannett*, 714 N.W.2d 417, 422 (Minn. 2006) (holding that "60-day time limit for hearing new trial [or] amended findings motions is a procedural tool and does not divest the district court of jurisdiction"); *Burkstrand v. Burkstrand*, 632 N.W.2d 206, 210 (Minn. 2001) (holding that district court's failure to hold hearing within statutory time frame did not divest it of subject matter jurisdiction over petition seeking order for protection). Although a time limit resembles a jurisdictional limit because both operate to prevent the district court from deciding the merits of a particular case, a time limit does not divest a district court of its power to decide an entire class of cases, or its power to decide the particular questions presented in those cases. The more accurate characterization of the timeliness issue here is simply whether the district court erred in its construction of rule 60.02's mandatory deadline as applied

to Johnson's motion. We turn to the merits of the city's untimeliness argument.

The city argues that the rules and the supreme court's decision in *Gams v. Houghton*, 884 N.W.2d 611, 616 (Minn. 2016), undermine the district court's conclusion that judicial action is necessary to begin the rule-60.02 one-year motion-filing period. We will apply a rule's plain and unambiguous language. *Gams*, 884 N.W.2d at 616. The unambiguous language of the two rules and the holding in *Gams* support the city's position.

Rule 5.04(a) provides that "[a]ny action that is not filed with the court within one year of commencement against any party is deemed dismissed with prejudice" except in circumstances not present here. Rule 60.02 provides that a motion for relief from a judgment, order, or proceeding based on excusable neglect (and other things) must "be made . . . not more than one year after the judgment, order, or proceeding was entered or taken." So our question is, is the "deemed" dismissal of an action after one year under rule 5.04(a) a "judgment, order, or proceeding" that was "entered or taken" under rule 60.02? If it is, then the dismissal that occurs at the one-year complaint-filing deadline begins the one-year motion-filing period of rule 60.02; no judicial entry of judgment or other judicial action is necessary to begin the period.

 *Gams* leads to the answer. The *Gams* court held that "the defendant does not need to take any action for rule 5.04(a) to operate" because "a case is automatically 'deemed' dismissed with prejudice upon failure to file . . . within the [one]-year deadline in the rule." 884 N.W.2d at 617. Put succinctly, "judicial action is not needed for the dismissal . . . to occur." *Id.* And once that dismissal occurs because an action is deemed dismissed under rule 5.04, a party may seek relief by moving to vacate

the dismissal under rule 60.02. *Id.* at 617–18. This is because a dismissal with prejudice under rule 5.04(a) is a "proceeding" from which a party may seek rule-60.02 relief. *Id.*

We must decide only at what point the rule-5.04(a) "proceeding" is "taken," because, at that moment, rule 60.02(a)'s one-year motion-filing period commences. The phrase "proceeding . . . was taken" is atypical. We more commonly say that a proceeding "happened" or "occurred" than that it "was taken." Despite its uncommon wording, in context, rule 60.02's phrase "proceeding . . . taken" contemplates some specific event that occurred at an identifiable moment. The city argues that the proceeding is taken when rule 5.04(a)'s automatic dismissal power takes effect— precisely one year after the date a party commences a lawsuit by service. Johnson defends the district court's holding that the proceeding is not taken until the district court enters an order memorializing the rule-5.04(a) dismissal. The issue is resolved by only a small, necessary extension of *Gams*.

 *Gams* explained that "even in the absence of an order, a dismissal by operation of law under Rule 5.04(a) would still be a 'proceeding' and so would fall within the coverage of Rule 60.02." 884 N.W.2d at 617. It is true that "the rule does not foreclose judicial action" to formally enter an order of dismissal "following a belated [complaint] filing," *id.*, and this later judicial action happened here. But as the *Gams* court reasoned, not only is judicial action unnecessary for a rule-5.04(a) dismissal to occur, "*the absence of a judicial action does not make Rule 60.02 inapplicable.*" *Id.* (emphasis added). If rule 60.02's dismissal provision applies even in the absence of a judicial action (meaning, even when a case is dismissed with prejudice for lack of filing after a year's delay), on what

basis would we belay the rule's motion-filing period? We see no language in the rule that suggests that the period should wait to begin until after the tardy plaintiff eventually files his already dismissed action and then receives a written order that merely recognizes the prior rule-5.04(a) dismissal. We conclude that a "proceeding" under rule 60.02 is "taken" the instant the complaint remains unfiled longer than rule 5.04(a)'s one-year filing deadline.

■ Our recent case of *Cornell v. Ripka* bolsters this conclusion. 897 N.W.2d 801, 806–07 (Minn. App. 2017). In *Cornell*, we held that an action deemed dismissed with prejudice on the date of automatic operation of rule 5.04(a) is not "revived" when the plaintiff files the complaint in district court in order to voluntarily dismiss the complaint without prejudice under rule 41.01(a). *Id.* at 807. Consistent with this holding, a party similarly may not "revive" his dismissed action by filing a complaint in district court only to memorialize that dismissal in a fresh order that he then challenges in a rule-60.02 motion. Rule 60.02's motion-filing period therefore begins when a rule-5.04(a) dismissal occurs, regardless of when, or if, the district court later issues a written order memorializing the dismissal.

We are not persuaded otherwise by *Chapman v. Special School Dist. No. 1*, 454 N.W.2d 921 (Minn. 1990). The district court accurately quoted *Chapman*'s statement that "the one-year limit [in 60.02] runs from the date the trial court enters its order, not from the date a party discovers the dismissal." *Chapman*, 454 N.W.2d at 923. But the *Chapman* court was answering only whether it is the district court's entry of dismissal or the plaintiff's later discovery of the district court's entry of dismissal that triggers the rule-60.02 motion-filing period. *Id.* That case is off point because it predates rule 5.04(a) and

did not consider the rule's effect. More compelling, *Chapman* rejected the plaintiff's attempt to delay the onset of a rule-60.02 dismissal-triggering filing deadline. So do we.

Johnson offers alternatively that his rule-60.02 motion fits a catchall provision, which is not subject to the one-year deadline. A court may relieve a party from a final proceeding for any reason other than the specifically listed reasons of "excusable neglect" and others, so long as the party files the motion for relief "within a reasonable time." Minn. R. Civ. P. 60.02. Johnson maintained at oral argument that his former attorney had strung him along more than a year and that this constitutes a catchall circumstance to which the one-year deadline does not apply. But Johnson did not present this argument in the district court. There, he argued only that his motion met the one-year deadline because the district court's dismissal order (rather than the automatic dismissal under rule 5.04) began the one-year motion-filing period. The district court therefore did not classify Johnson's motion and decided only whether he filed it within the one-year deadline that applies to 60.02(a). Because Johnson did not make the catchall-provision argument to the district court, we decline to consider it. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Johnson argues finally that reversing the district court would threaten a plaintiff's right to due process. He argues that the supreme court recognized in *Gams* that allowing litigants recourse under rule 60.02 protects them from erroneous rule-5.04(a) dismissals. *See* 884 N.W.2d at 618–19. But the *Gams* court was discussing *timely* rule-60.02 motions. *Id.* at 615. Our holding that Johnson failed to timely file his rule-60.02 motion does not weaken the rule's effective use in redressing erroneous dismissals.

## DECISION

The district court erred by determining that "the one-year time limit of rule 60.02 can begin only by a judicial act of entry." The automatic dismissal of Johnson's action under the "deemed dismissed" provision of rule 5.04(a) was a "proceeding . . . taken" under rule 60.02 the moment Johnson missed the one-year complaint-filing deadline, triggering rule-60.02's one-year motion-filing deadline. Johnson failed to file his rule-60.02 motion within one year after his action was deemed dismissed with prejudice under rule 5.04(a), and his rule-60.02 motion for relief of the dismissal was therefore untimely.

**Reversed.**